BIEN v VENTICINQUE

Docket No. 82000. Submitted January 16, 1986, at Detroit. Decided April 22, 1986.

Plaintiffs, Gregory Bien, individually and as personal representative of the estate of Nicole Elise Bien, deceased, and Penny Bien, individually and as next friend of Christopher Bien, a minor, filed a dramshop action in Oakland Circuit Court against defendants, Ronald J. Venticinque and Orion House. Plaintiffs alleged that Orion House had served Venticinque intoxicating beverages while Venticinque was visibly intoxicated. The case was submitted before a mediation panel which evaluated the case at $250,000 for all plaintiffs against both defendants jointly. All parties rejected the evaluation. Orion House settled for $250,000, just before the trial. Following a jury trial, plaintiffs were awarded $425,000 in damages. Plaintiffs moved for an award of $19,610 in attorney fees and $3,660 in costs. The trial court awarded costs as requested but awarded only $10,000 in attorney fees. Plaintiffs appealed. *Held:*

1. For purposes of the court rule on mediation which allows a trial court to award actual costs to a prevailing party in a case where a mediation panel's evaluation is rejected, actual costs include taxable costs and a reasonable attorney fee as determined by the trial court for services necessitated by the rejection of the panel's evaluation.

2. The policy behind awarding such costs is to place the burden of litigation costs upon the party who insists upon a trial by rejecting a proposed mediation award. Inherent in this policy is the equitable consideration that a party should not be responsible for costs which accrue through no fault of his own.

3. The trial court did not abuse its discretion in assessing defendant Venticinque slightly more than half of plaintiffs'

REFERENCES

Am Jur 2d, Costs §§ 72 *et seq.*

Construction of provision, in compromise and settlement agreement, for payment for costs as part of settlement. 71 ALR3d 909.

See also the annotations in the ALR3d/4th Quick Index under Attorneys' Fees.

attorney fees. A substantial portion of attorney time was expended in preparation of the case against both defendants. Defendant Venticinque should not be held liable for all of plaintiffs' attorney fees.

Affirmed.

1. APPEAL — ATTORNEY FEES.

An award of attorney fees will be upheld by the Court of Appeals absent an abuse of a trial court's discretion.

2. COSTS — ATTORNEY FEES — COURT RULES.

Actual costs, for purposes of the court rule on mediation which allows a trial court to award such costs to a prevailing party in a case where a mediation panel's evaluation is rejected, include taxable costs and a reasonable attorney fee as determined by the trial court for services necessitated by the rejection of the panel's evaluation (GCR 1963, 316.8, now MCR 2.403[O]).

3. COSTS — ATTORNEY FEES — COURT RULES.

The policy behind the court rule which allows a trial court to award actual costs to a prevailing party in a case which went to trial after an evaluation of a mediation panel was rejected is to place the burden of litigation costs upon the party who insists upon a trial by rejecting a proposed mediation award; inherent in this policy is the equitable consideration that a party should not be responsible for costs which accrue through no fault of his own (GCR 1963, 316.8, now MCR 2.403[O]).

*Raymond L. Krell, P.C.* (by *Derek A. Hurt),* for plaintiff.

*Condit, McGarry & Schloff, P.C.* (by *Michael D. Schloff),* for defendant.

Before: HOOD, P.J., and J. H. GILLIS and J. M. BATZER,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a November 29, 1984, order of the circuit court awarding plaintiffs $10,000 in attorney fees.

In March, 1983, plaintiffs filed a complaint naming Orion House and Ronald Venticinque as defen-

* Circuit judge, sitting on the Court of Appeals by assignment.

dants. The complaint alleged that Orion House had served defendant Venticinque intoxicating beverages when he was already visibly intoxicated. The matter was submitted to mediation and the panel evaluated the case at $250,000 for all of the plaintiffs against both defendants jointly. All parties rejected the evaluation. Just prior to trial, Orion House settled for $250,000.

Following a trial, the jury awarded plaintiffs $425,000 in damages. Plaintiffs moved for attorney fees and costs pursuant to GCR 1963, 316.7 and 316.8. Plaintiffs presented detailed documentary evidence in support of attorney fees in the amount of $19,610 and costs of $3,660.

The trial court awarded plaintiffs costs and $10,-000 in attorney fees. The court gave two reasons for not awarding attorney fees in the full amount requested. First, the court found that "the full amount claimed by plaintiffs' attorney cannot be reasonably construed as necessitated by the parties' rejection of the mediation award." The court recognized that "the preparation of the within matter was directed as against both defendants." The court went on to note secondly that: "[p]laintiffs in this case would not have been satisfied with the dollars offered unless . . . defendant made a full statement of . . . acknowledgment of wilful and wanton misconduct . . . . The latter request was for purposes of making certain the judgment could not be dischargeable in bankruptcy." The court found that the latter satisfaction sought was not "contemplated by the mediation rule." The court concluded: "In consideration of these factors and thereafter making the appropriate adjustments, the court awards plaintiffs an attorney fee in the amount of $10,000."

For purposes of GCR 1963, 316.8, actual costs include taxable costs and a reasonable attorney fee

as determined by the trial judge for services necessitated by the rejection of the panel's evaluation. An award of attorney fees assessed pursuant to that rule will be upheld absent an abuse of the trial court's discretion. *Petterman v Haverhill Farms, Inc,* 125 Mich App 30, 32; 335 NW2d 710 (1983). It being apparent that the trial court found $19,610 attorney fees reasonable in amount, see *Petterman, supra,* p 32, this Court must examine the trial court's reasons for reducing the fee to $10,000 in order to determine if there has been an abuse of discretion.

The policy behind former GCR 1963, 316.8, now MCR 2.403(O), is to place the burden of litigation costs upon the party who insists upon a trial by rejecting a proposed mediation award. See 2 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 437. We believe that inherent in this policy is the equitable consideration that a party should not be responsible for costs which accrue through no fault of his own. See, e.g., *Burke v Angies, Inc,* 143 Mich App 683, 693; 373 NW2d 187 (1985). As such, defendant Venticinque should not be responsible for costs incurred in preparation of plaintiffs' case against Orion House, which was settled just prior to trial. A substantial portion of the attorney time here was incapable of apportionment between the defendants. Given Orion House's eleventh hour settlement, awarding slightly more than one-half the requested attorney fees for costs incurred in going to trial against Venticinque was reasonable and evidences no abuse of discretion.[1]

This Court is somewhat troubled by the trial court's statement that plaintiffs' pursuit of an acknowledgment of wilful and wanton misconduct

---

[1] We note that a portion of the $19,610 requested by plaintiff was for "secretary time." We do not consider this part of attorney fees.

was not "satisfaction contemplated by the mediation rule." By the obvious purpose of GCR 1963, 316.7, a party is not to be penalized for rejection of a mediation award when the rejection was reasonable, as evidenced by a jury verdict "more than 10 percent greater than the panel's evaluation." *Issa v Garlinghouse,* 133 Mich App 579, 582; 348 NW2d 277 (1984). We believe that if the relief sought by a party is outside the purpose of the mediation rule, an objection should be raised to submitting a cause to mediation in the first place. See MCR 2.403(C); see also Michigan Court Rules Practice, *supra,* pp 437-438. We believe that an after-the-fact inquiry into motivations for rejection and a corresponding equitable reduction of attorney fee awards is improper.[2]

Nonetheless, because we find the amount of $10,000 attorney fees reasonable in light of the documentary evidence presented to the court, and the fact of Orion House's late settlement, we decline to reverse based on speculation as to the effect consideration of the improper factor had on the trial court's calculation.

Affirmed.

---

[2] We believe that looking to protect a client's judgment-creditor position from a judgment-debtor's discharge in bankruptcy is good advocacy. We do not believe that it necessarily constitutes the pursuit of relief outside the purpose of the mediation rule, especially where, as here, a large judgment, for damages not readily capable of calculation, is also sought. See Michigan Court Rules Practice, *supra,* p 438.