TEMPLE v KELEL DISTRIBUTING CO, INC

Docket No. 109716. Submitted January 12, 1990, at Detroit. Decided April 16, 1990.

Eugene Temple died from injuries sustained in a motor vehicle accident. Angela Temple, as personal representative of the decedent's estate, brought a wrongful death action in Wayne Circuit Court against Kelel Distributing, Co., Inc. Defendant moved for summary disposition, contending that decedent was its employee at the time of the accident and that plaintiff's action was therefore barred under the Workers' Disability Compensation Act. The court denied the motion. Defendant rejected a mediation evaluation in favor of plaintiff. Following a jury trial, the court, Henry J. Szymanski, J., entered a judgment consistent with the verdict in favor of plaintiff in the amount of $316,000, and awarded plaintiff with $145,343.14 in attorney fees as a sanction for defendant's rejection of the mediation evaluation. Defendant appealed.

The Court of Appeals *held:*

1. A decision by the Bureau of Workers' Disability Compensation made prior to trial of this case that there was not an employment relationship between decedent and defendant has res judicata effect such that defendant is prevented from claiming in this appeal that the trial court erred in ruling that plaintiff's action was not barred under the exclusive remedy provision of the WDCA.

2. In the absence of a timely objection at trial, error requiring reversal did not result from the admission of certain evidence which was irrelevant and unfairly prejudicial.

3. An award of attorney fees, when ordered as a sanction for the rejection of a mediation evaluation, must be based on a reasonable hourly or daily rate and be limited to services necessitated by the rejection of the evaluation. Here, the trial court's award of attorney fees is patently unreasonable and it must be vacated since it allows for an hourly rate in excess of

REFERENCES

Am Jur 2d, Costs §§ 23, 24, 72, 78; Workmen's Compensation §§ 584, 587.

Matters concluded, in action at law to recover for the same injury, by decision or finding made in workmen's compensation proceeding. 84 ALR2d 1036.

$1,000. On remand, the trial court shall award plaintiff a reasonable attorney fee based on a reasonable hourly or daily rate.

Judgment affirmed, attorney fee award vacated, and remanded for redetermination of attorney fees.

1. WORKERS' COMPENSATION — DEATH — WRONGFUL DEATH — QUESTION OF EMPLOYMENT — BUREAU OF WORKERS' DISABILITY COMPENSATION.

The Bureau of Workers' Disability Compensation is the proper forum in which to resolve factual issues relating to an injured person's employment status for purposes of the Workers' Disability Compensation Act; thus, one who, as the defendant in a wrongful death action, claims to have been the decedent's employer at the time of the decedent's fatal injury may not, in an appeal in the wrongful death case, claim that the trial court erred in determining that there existed no employment relationship between the defendant and the decedent when such determination was preceded by a similar determination by the Bureau of Workers' Disability Compensation.

2. EVIDENCE — APPEAL.

Error may not be predicated upon a ruling which admits evidence unless a substantial right of a party is affected and a timely objection or motion to strike appears of record (MRE 103[a][1]).

3. COSTS — MEDIATION — ATTORNEY FEES.

An award of attorney fees, when ordered as a sanction for the rejection of a mediation evaluation, must be based on a reasonable hourly or daily rate and be limited to services necessitated by the rejection of the evaluation (MCR 2.403[O][6]).

*Richard L. Ruby,* and *Ronald M. Rothstein,* of Counsel, for plaintiff.

*Ulanoff, Ross & Wesley, P.C.* (by *Stuart A. Ulanoff*), for defendant.

Before: GRIFFIN, P.J., and REILLY and R. B. BURNS,* JJ.

GRIFFIN, P.J. This is a wrongful death action arising out of a motor vehicle collision. Defendant appeals as of right from a judgment of $316,000

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

entered pursuant to a jury verdict[1] and an award of attorney fees as mediation sanctions totalling $145,343.14. We affirm the judgment but reverse and remand as to the award of attorney fees.

I

The initial liability issue involves whether the instant action is barred by the exclusive remedy of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). Defendant's motion for summary disposition, which alleged that plaintiff's decedent was an employee of the defendant, was denied by the lower court. Of pivotal significance is the fact that plaintiff's decedent's employment status was adjudicated prior to trial by the Bureau of Workers' Disability Compensation. The worker's compensation bureau is the proper forum in which to resolve factual issues relating to employment which trigger the purview of the Workers' Disability Compensation Act. *Dixon v Sype,* 92 Mich App 144; 284 NW2d 514 (1979), and *Bednarski v General Motors Corp,* 88 Mich App 482; 276 NW2d 624 (1979).

Although defendant has appealed an adverse ruling that plaintiff's decedent was not an employee at the time of the accident, the decision nevertheless has res judicata effect. *City of Troy v Hershberger,* 27 Mich App 123; 183 NW2d 430 (1970). Defendant's collateral attack in the instant appeal is therefore impermissible.

II

Defendant next asserts that the lower court committed error requiring reversal in admitting

---

[1] The jury's verdict of $416,000 was reduced $100,000 by the court as a setoff of a prior settlement with another defendant.

irrelevant and highly inflammatory evidence which swayed the passions of the jurors. We agree that the evidence complained of was irrelevant (MRE 401) and unfairly prejudicial (MRE 403). Nevertheless, the record reveals that defense counsel failed to object to the questions by which the damaging evidence was elicited.

As a general rule, error may not be predicated upon a ruling which admits evidence unless there has been a timely objection and a substantial right affected:

> (a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
> (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . . . [MRE 103(a)(1).]

In the instant case, the damaging testimony came from the investigating police officer, Ronald Novak, when the officer was asked what, if anything, James Kelel, president of Kelel Distributing, said at the accident scene shortly after the collision. The damaging information which was elicited must have been expected by defense counsel, who most certainly would have talked to his client and the investigating officer about such statements prior to trial. Surprise is not claimed.

Much later in the trial, while Mr. Kelel was subject to cross-examination, the line of inquiry was renewed. In response, defense counsel made the following statement and objection:

> *Mr. Lovernick:* Excuse me. And perhaps I'm somewhat lax in not objecting to the Officer's

testimony earlier. Whether that comment was made or not, whether it was callous or heartless, I'm not here to judge the remark.

*The Court:* What's the objection?

*Mr. Lovernick:* The objection goes to the fact that it has no relevancy to this particular issue in the case.

*The Court:* Do you agree, Mr. Ruby, that it's not relevant?

*Mr. Ruby:* I believe it goes to credibility, Your Honor.

*The Court:* The objection is overruled. Let's go on.

Although we agree with the defendant that this belated objection to relevancy should have been sustained, we note that at the time the objection was raised, the statement was already in evidence. Accordingly we find no error requiring reversal. MCR 2.613(A).[2]

III

Defendant's primary issue on appeal is that the lower court abused its discretion by awarding attorney fees as mediation sanctions in the sum of $145,343.14. We agree.

The defendant's rejection of a mediation evaluation, which was considerably less than the judgment, entitles the plaintiff to an award of reasonable attorney fees necessitated by the rejection. The applicable court rule is MCR 2.403. Because the mediation took place on December 10, 1987,

[2] MCR 2.613(A) states:

(A) Harmless Error. An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

amendments to MCR 2.403 effective beginning December 1, 1987, apply. Of controlling import is an amendment to MCR 2.403 which was adopted by the Supreme Court on September 25, 1987, effective December 1, 1987. The amendment at issue specifies that a "reasonable attorney fee" awarded as a mediation sanction must be "based on a reasonable *hourly* or *daily rate*":

> For the purpose of this rule, actual costs include those costs taxable in any civil action and a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation. [MCR 2.403(O)(6).]

MCR 2.403(O)(6) differs from its predecessor in that the phrase "based on a reasonable hourly or daily rate" is an addition to the text of the former rule. The amendment grew out of the work of the Mediation Evaluation Committee appointed by the Supreme Court on April 4, 1986. A detailed evaluation of the Committee's proposals may be found at 426B of the Michigan Reports (advance sheets only).

The commentary by the Mediation Evaluation Committee to its proposed amendment of MCR 2.403 is instructive. The Committee's "Note" following the proposed rule change states that the amendment was intended to require mediation sanctions to be based on a reasonable daily or hourly rate rather than on a contingent fee:

> Language is added to subrule (O)(4) (as renumbered) to make clear that the attorney fee component of costs must be determined on the basis of a daily or hourly rate, rather than on the basis of a contingent fee. [MCR 2.403(O)(4), note, 426B Mich 21.]

Additionally, the subsequent "Discussion" by the Committee clearly reveals that the intent of the Committee was to halt the practice by some judges of awarding mediation sanctions based on a contingent fee:

> There is no unanimity in interpreting what a "reasonable attorney fee" means for the purposes of making an award of costs. Some judges have, for example, awarded a plaintiff whose lawyer has the case on a contingent basis an attorney fee calculated as a percentage of the verdict, typically one-third, which can amount to six or seven-figures. The committee did not think this was widespread, but decided that it would be best to modify the rule to prevent it. [426B Mich 25.]

In the instant case, the lower court granted, without explanation, plaintiff's counsel's request for attorney fees in the sum of $145,343.14. At the hearing, plaintiff's counsel conceded that the requested attorney fee was not based on an hourly rate or daily rate but claimed that it was reasonable based on the existence of a contingent fee contract, the skill and labor involved, the length of the professional relationship, the standing and experience of the attorney, and the difficulty of the case. Although an unsigned order filed below on June 1, 1988, also recites these factors, the grounds for the award were never specified by the lower court.

Plaintiff's counsel claimed below that he incurred 136 hours of legal work as a consequence of defendant's rejection of the mediation evaluation. Accepting as true the reasonableness of the number of hours claimed, the award represents an hourly rate in excess of $1,000 an hour. We hold that such a rate for legal work is patently unreasonable.

On remand, we direct the lower court's attention

to the *1988 Economics of the Law Practice Survey,*
67 Mich B J No. 11B (1988).[3] In determining a
reasonable hourly or daily rate for purposes of the
mediation rule, the lower court should utilize the
empirical data contained in the Law Practice Sur-
vey as well as data contained in other reliable
studies or surveys. Such data should be utilized
and coordinated with the other relevant criteria
such as the professional standing and experience
of the attorney; the skill, time, and labor involved;
the amount in question and the results achieved;
the difficulty of the case; the expenses incurred;
and the nature and length of the professional
relationship with the client. See *Wood v DAIIE,*
413 Mich 573, 588; 321 NW2d 653 (1982), and
*Crawley v Schick,* 48 Mich App 728, 737; 211
NW2d 217 (1973).

IV

The judgment in plaintiff's favor is affirmed. The
award of attorney fees as mediation sanctions in
the sum of $145,343.14 is reversed and vacated. On
remand, the lower court shall award plaintiff a
reasonable attorney fee based on a reasonable
hourly or daily rate. We do not retain jurisdiction.

---

[3] According to the 1988 survey conducted by the State Bar of
Michigan, the hourly billing rates for plaintiff personal injury attor-
neys range from $80 per hour (25th percentile) to $135 per hour (90th
percentile).

We note that advice to clients as to fee arrangements other than a
contingent fee is mandatory:

> Advice to Client. An attorney must advise a client, before
> entering into a contingent fee arrangement, that attorneys may
> be employed under other fee arrangements in which the attor-
> ney is compensated for the reasonable value of the services
> performed, such as on an hourly or per diem basis. The method
> of compensation used by an individual attorney remains the
> attorney's option, and this rule does not require an attorney to
> accept compensation in a manner other than that chosen by
> the attorney. [MCR 8.121(E).]