WARREN v PICKERING

Docket Nos. 121260, 121261. Submitted May 22, 1991, at Detroit.
Decided December 2, 1991, at 9:20 A.M.

James and Letha Warren brought a medical malpractice action
in the Wayne Circuit Court against Leonard M. Pickering,
M.D., and others. Fireman's Fund Insurance Company, the
workers' compensation insurer of James Warren's employer,
intervened as a plaintiff and sought reimbursement of workers'
compensation benefits it had paid to James Warren. A media-
tion panel evaluated the Warrens' claim, but not Fireman's
Fund's claim, and awarded the Warrens $15,000 against each of
three defendants. Those defendants accepted the evaluation,
but the Warrens rejected it. A jury subsequently returned
verdicts in favor of the defendants. The court, James A. Hatha-
way, J., on motion of the defendants, issued orders imposing
sanctions on the Warrens and Fireman's Fund for the rejection
of the mediation evaluation. Fireman's Fund filed two appeals
from the orders imposing mediation sanctions against it. The
Court of Appeals consolidated the appeals.

The Court of Appeals *held:*

MCR 2.403(O)(1) provides that if a party has rejected a
mediation evaluation and the action proceeds to trial, that
party must pay the opposing party's actual costs if the verdict
is more favorable to the opposing party than was the evalua-
tion. The purpose of this court rule is to encourage settlement,
deter protracted litigation, and place the burden of litigation
costs on the party that insists upon a trial by rejecting a
proposed mediation award.

In this case, where Fireman's Fund played no role in the
Warrens' rejection of the mediation evaluation, and in fact
encouraged settlement of the action, imposing mediation sanc-
tions against Fireman's Fund would not be consistent with the
purpose of the mediation court rule.

Orders of mediation sanctions against Fireman's Fund re-
versed.

REFERENCES

Am Jur 2d, Alternate Dispute Resolution § 10; Costs §§ 23, 24, 28.
See the Index to Annotations under Alternative Dispute Resolution,
Attorneys' Fees; Costs of Actions; Intervention.

PRETRIAL PROCEDURE — MEDIATION — SANCTIONS — INTERVENORS.

Actual costs, including reasonable attorney fees, may not be awarded against an intervening plaintiff as a sanction for the rejection by the plaintiff of a mediation evaluation in favor of the plaintiff where the intervening plaintiff played no role in the plaintiff's rejection of the evaluation (MCR 2.403).

*Charters, Heck & O'Donnell, P.C.* (by *Margaret A. O'Donnell*), for Fireman's Fund Insurance Company.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Raymond W. Morganti*), for Leonard M. Pickering, M.D., R.W.F. Harnett, M.D., and D.V. Balarezo, M.D.

Before: HOLBROOK, JR., P.J., and SULLIVAN and DOCTOROFF, JJ.

SULLIVAN, J. The trial court ordered intervening plaintiff, Fireman's Fund Insurance Company, and plaintiffs to pay both taxable costs and mediation sanctions to defendants after a directed verdict and a verdict of no cause of action were rendered in defendants' favor in the underlying medical malpractice case. Fireman's Fund now appeals those orders requiring it to pay mediation sanctions, arguing that, because it was not the party who rejected the mediation evaluation under MCR 2.403(O), it cannot be required to pay mediation sanctions. We agree and, therefore, reverse those parts of the trial court's orders requiring Fireman's Fund to pay mediation sanctions.

Plaintiffs sued defendants for medical malpractice. Fireman's Fund, the workers' compensation carrier for plaintiff James Warren's employer, successfully moved to intervene in the case under MCL 418.827; MSA 17.237(827), seeking reimbursement for amounts it had paid to Warren under the

Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*

The medical malpractice case was mediated on August 17, 1987. The panel unanimously awarded the Warrens $15,000 against each of three defendants for a total award of $45,000. Although defendants accepted the mediation evaluation, the Warrens rejected it. Fireman's Fund was listed as a party at mediation, but had no claim mediated. Two years later, the case was tried before a jury, resulting in judgments in favor of all defendants.

The defendants thereafter moved for and were granted mediation sanctions. Over the objection of Fireman's Fund, the court ordered it to pay one-half of the mediation sanctions. Fireman's Fund's only claim that we need to address on appeal is that the trial court erred in ordering it to pay mediation sanctions. We agree.

The court rule that governs mediation provides in pertinent part that "[i]f a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation." MCR 2.403(O)(1). Actual costs include reasonable attorney fees for services "necessitated by the rejection of the mediation evaluation." MCR 2.403(O)(6).

Neither the language nor the purpose of the mediation sanction court rule supports the conclusion that Fireman's Fund should be required to pay mediation sanctions. The court rule requires that the party rejecting the mediation evaluation in this case pay defendants their actual costs. Fireman's Fund did *not* reject the mediation evaluation; plaintiffs did. Nor did Fireman's Fund have the opportunity to reject the evaluation. Moreover, the record does not show that Fireman's Fund either encouraged or supported plaintiffs' rejec-

tion. In fact, Fireman's Fund claims that plaintiffs did not even consult with or advise it of their intention to reject the mediation evaluation.

The overall purpose of the mediation rule—MCR 2.403—is to encourage settlement and to deter protracted litigation. *Sanders v Monical Machinery Co,* 163 Mich App 689, 691-692; 415 NW2d 276 (1987). Accordingly, the purpose behind the mediation sanction rule is to place the burden of litigation costs upon the party who insists upon a trial by rejecting a proposed mediation award. *Bien v Venticinque,* 151 Mich App 229, 232; 390 NW2d 702 (1986). Requiring Fireman's Fund to pay mediation sanctions when it played no role in the rejection of the mediation evaluation would not further the purpose of the mediation sanction rule.

In this regard, we also note that the record reflects that Fireman's Fund was not the impetus behind plaintiffs' rejection of the mediation evaluation or any subsequent settlement offer. Fireman's Fund waived part of its lien and indicated on the record that it was willing to compromise its $90,-000 lien even further in order to settle the case. However, it also noted that, even with further compromise, the nature of plaintiffs' demand was such that settlement was not possible. Nothing in the record shows that Fireman's Fund's participation in the case caused plaintiffs to reject either the mediation evaluation or any subsequent settlement offer. Under these facts, the imposition of mediation sanctions on Fireman's Fund would not further the purpose of the mediation sanction rule and would not be fair.

In arguing that imposing mediation sanctions on Fireman's Fund was correct, defendants relied below and on appeal on this Court's decision in *Kim v Ford Motor Co,* 170 Mich App 544; 429 NW2d 203 (1988). In *Kim,* the workers' compensa-

tion carrier of the plaintiff's employer intervened in the case under § 827 of the Workers' Disability Compensation Act, as did Fireman's Fund in the case before us, and this Court held that the carrier was subject to taxation of costs under MCR 2.625(A)(1) where it did not prevail at trial. *Id.* pp 547-548. That court rule provides that costs will be allowed to the prevailing party unless prohibited by statute or court rule. The defendant in that case was the prevailing party.

This Court reasoned that the intervening party was a party in interest for the purpose of taxation of costs because it was a real party in interest, could have participated in the proceedings, and would have participated in any recovery. *Id.,* p 548. This Court also seemed to rely on the fact that the intervening plaintiff's insistence on its right to recover the full amount of its lien forced the plaintiffs to reject repeated settlement offers and, therefore, influenced the entire proceedings. *Id.*

We believe that defendants' reliance on *Kim* is misplaced. *Kim* was decided under MCR 2.625(A) (1). The reasoning behind that court rule is that private parties who pursue individual legal remedies must bear the expenses of such litigation. See, e.g., *City of Berkley v Holmes,* 34 Mich App 417, 427-428; 191 NW2d 561 (1971). Requiring the intervening plaintiff in that case to pay taxable costs was consistent with the reasoning behind the rule that, in general, costs be allowed to the prevailing party. The case before us, however, was decided under the mediation sanction court rule—MCR 2.403(O)—which has a different purpose that would not be served by requiring Fireman's Fund to pay mediation sanctions under the facts of this case.

Those parts of the trial court's orders that require Fireman's Fund to pay mediation sanctions are reversed.