MICHIGAN BASIC PROPERTY INSURANCE ASSOCIATION v
HACKERT FURNITURE DISTRIBUTING COMPANY, INC

Docket No. 129710. Submitted January 8, 1992, at Grand Rapids.
Decided February 27, 1992; approved for publication May 14,
1992, at 9:05 A.M.

Michigan Basic Property Insurance Association brought an action
in the Kent Circuit Court against Hackert Furniture Distribut-
ing Company, Inc., and others, seeking to recover funds it had
paid to Williams Distributing Company following a fire at a
building owned by Williams, leased, in part, by the defendants,
and insured by the plaintiff. The case was consolidated with an
action brought by Auto-Owners Insurance Company, the defen-
dants' insurer, against the defendants. Both the plaintiff and
Auto-Owners alleged that the defendants had intentionally set
the fire. In addition, Auto-Owners claimed fraud. The cases
were mediated, and the mediation panel returned an evalua-
tion of no cause of action with regard to both cases. The
plaintiff and Auto-Owners rejected the evaluation, and the
defendants accepted it. Following a trial, the jury found that,
although the fire was caused by arson, the defendants were not
responsible for the fire and, thus, the plaintiff was not entitled
to damages from the defendants. The jury also concluded that
the defendants had defrauded Auto-Owners, and found Auto-
Owners entitled to recover the funds it paid to the defendants.
The court, Dennis B. Leiber, J., granted the defendants' motion
for mediation sanctions. The plaintiff appealed, and the defen-
dants cross appealed.

The Court of Appeals *held:*

1. The trial court properly denied the defendants attorney
fees for services rendered before the plaintiff's rejection of the
mediation evaluation and did not abuse its discretion in deter-
mining the number of hours involved in providing a defense
after the plaintiff rejected the evaluation and the amount of

REFERENCES

Am Jur 2d, Alternate Dispute Resolution §§ 10, 24; Attorneys at
Law §§ 277 *et seq.*; Costs §§ 79-82.

See the Index to Annotations under Alternative Dispute Resolution;
Attorneys' Fees; Costs and Expenses.

hourly compensation. Expenses incurred by the defendants' attorney were properly considered.

2. The trial court properly rejected the plaintiff's contention that only those hours exclusively attributable to the plaintiff's case should be considered and properly included in the award of attorney fees costs that were necessary to defend against the plaintiff's claim, even though those costs were also attributable to defending against Auto-Owners' claims.

3. The court did not abuse its discretion in finding that twenty-four percent of the witnesses were not necessary to the plaintiff's case and in reducing by twenty-four percent the number of hours that otherwise would be considered in the award of attorney fees.

Affirmed.

DOCTOROFF, J., dissenting in part, stated that the method used by the trial court to determine the amount of attorney fees necessitated by the plaintiff's rejection of the mediation evaluation was unreasonable and that the case should be remanded for an evidentiary hearing to determine which of the costs and fees claimed by the defendants were attributable to the plaintiff.

1. MEDIATION — COSTS — REJECTION OF EVALUATION — ATTORNEY
FEES.

A party who rejects a mediation evaluation must pay the opposing party's actual costs where the case proceeds to trial and the verdict is not more favorable to the rejecting party than the evaluation; actual costs include reasonable attorney fees for services necessitated by the rejection, even where the services also helped defend against a consolidated appeal by another party who also rejected the evaluation (MCR 2.403).

2. MEDIATION — COSTS — REJECTION OF EVALUATION — ATTORNEY
FEES — ATTORNEY'S EXPENSES.

A court may consider expenses incurred by an attorney when determining reasonable attorney fees as a sanction for rejection of a mediation evaluation (MCR 2.403).

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *Curt A. Benson* and *Jeffrey R. Learned*), for the plaintiff.

*Charles F. Justian,* for the defendants.

Before: MARILYN KELLY, P.J., and DOCTOROFF and GRIFFIN, JJ.

PER CURIAM. Plaintiff, Michigan Basic Property Insurance Association, appeals from a circuit court order awarding $59,968.75 in mediation sanctions to defendants, Ervin Hackert, Hackert Furniture Distributing Company, Inc., and Furniture Mart, Inc. Plaintiff asserts that the trial court erred in awarding attorney fees for services that were not necessitated by its rejection of the mediation evaluation. It also contends that the $125 hourly fee used by the trial court to calculate attorney fees was too high. Defendants cross appeal, arguing that the $125 hourly fee was too low. We affirm.

In 1987, a fire destroyed the Williams Distributing Building in Grand Rapids. Plaintiff, as insurer of the building, paid Williams Distributing Company $418,521 for the damage. Defendants had sublet part of the building and insured their property through Auto-Owners Insurance Company. Auto-Owners initially paid defendants approximately $200,000; however, it ceased payments after its investigation indicated that defendants had intentionally started the fire and committed fraud.

Plaintiff filed this suit seeking to recover the funds it paid to Williams Distributing. The case was consolidated with a suit which Auto-Owners brought against defendants. The latter action sought return of the money already paid to defendants under their insurance policy with Auto-Owners and a declaratory judgment that the insurer had no liability to defendants. Both plaintiff and Auto-Owners alleged that defendants intentionally set the fire. In addition, Auto-Owners claimed fraud.

Prior to trial, the consolidated cases went to mediation. MCR 2.403. The mediation panel returned a unanimous "no cause" evaluation on both claims. Plaintiff and Auto-Owners rejected the evaluation. Defendants accepted.

At trial, the parties presented twenty-five witnesses over a thirty-three-day period. The jury found that, while the fire was caused by arson, defendants were not the arsonist nor were they in concert with him. Thus, plaintiff was not entitled to damages from defendants. However, the jury concluded that defendants had defrauded Auto-Owners and awarded it $202,095.

Following trial, defendants filed a motion for mediation sanctions seeking costs and attorney fees from plaintiff under MCR 2.403(O)(6). Defendants sought $102,375 in attorney fees for 682.50 hours spent on the case at $150 per hour. Plaintiff countered that it was responsible to pay attorneys fees for only three hours' worth of defendants' attorney's work. The balance of defendants' preparation and trial time, it contended, was spent either exclusively on Auto-Owner's case or on the two cases jointly.

The trial judge ruled that defendants were not entitled to fees for hours spent prior to the notice of plaintiff's rejection of the mediation evaluation. However, he rejected plaintiff's contention that only those hours attributable exclusively to plaintiff's case were recoverable. Rather, he included hours that were necessary to defend against plaintiff's claim, even if spent defending also against Auto-Owners' claims. The judge recognized that the defenses overlapped considerably and that the majority of the testimony presented by Auto-Owners was important to plaintiff's case.

The judge found that six of the twenty-five witnesses presented at trial were not necessary to plaintiff's case. He noted that plaintiff had not even questioned the six witnesses. Accordingly, he reduced the number of hours otherwise recoverable under MCR 2.403 by twenty-four percent. The

judge recognized that this means of apportioning the hours did not conform to any exact science. Nonetheless, he believed that the method fairly determined how much of the trial was attributable to plaintiff's rejection of the mediation award.

As to the hourly rate, the judge commented that defendants' attorney had considerable expertise in defending insureds' interests. He could undoubtedly command a $150 per hour fee in the eastern part of the state. However, the judge deemed a $125 per hour rate more appropriate in Kent County. The final attorney fees award totaled $59,968.75.

We will uphold an award of attorney fees under MCR 2.403 absent an abuse of discretion. *Jernigan v General Motors Corp,* 180 Mich App 575, 587; 447 NW2d 822 (1989). The trial court's decision is an abuse of discretion only if grossly violative of fact and logic. *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959).

Under MCR 2.403, a party which rejects a mediation evaluation must pay the opposing party's actual costs, unless it obtains a verdict more favorable than the evaluation. MCR 2.403(O)(1). "Actual costs" include

> a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation. [MCR 2.403(O)(6).]

Interpretation of a court rule is subject to the same principles which govern statutory construction. *Taylor v Anesthesia Associates of Muskegon, PC,* 179 Mich App 384, 386; 445 NW2d 525 (1989). The primary goal of both is to ascertain and give effect to the intent of the Legislature. *Lorencz v Ford Motor Co,* 187 Mich App 63, 68-69; 466 NW2d

346 (1991), lv gtd 437 Mich 1036 (1991). The overall purpose of the mediation rule is to encourage settlement and deter protracted litigation. The purpose behind the mediation sanction rule is to place the burden of litigation costs upon the party which requires a trial by rejecting a proposed mediation award. *Warren v Pickering,* 192 Mich App 153; 480 NW2d 306 (1991); *Bien v Venticinque,* 151 Mich App 229, 232; 390 NW2d 702 (1986).

Plaintiff urges interpretation of the "necessitated by the rejection" language to allow attorney fees only where they could have been avoided had the rejecting party accepted the mediation evaluation. In this case, plaintiff insists that its rejection of the evaluation did not "necessitate" defendants' attorney fees; defendants would have been obliged to present essentially the same defense in response to the suit by Auto-Owners even if plaintiff were no longer a party to the suit.

Adoption of the interpretation urged by plaintiff would frustrate the purpose of the statute. Indeed, under plaintiff's interpretation, a winning party would be unable to recover its attorney fees in cases where it was facing multiple opponents with identical or overlapping defenses. At a motion for sanctions, each loser would assert that the winner would have incurred the same expenses in defending against the others had the loser accepted mediation. The winning party would end up bearing the burden of its litigation costs, and the sanctions rule would provide no deterrent to protracted litigation.

We agree with Judge MacKenzie that the phrase "necessitated by the rejection" was intended as a temporal demarcation to permit recovery of reasonable attorney fees incurred after mediation is rejected, not before. *Maple Hill Apart-*

ment *Co v Stine (On Remand),* 147 Mich App 687, 695-696; 382 NW2d 849 (1985) (partial dissent by MacKenzie, J.). Judge MacKenzie wrote:

> This construction is borne out by the Committee Notes accompanying GCR 1963, 316 [the predecessor rule to MCR 2.403]. There, the staff explains that under the rule's definition of "actual costs", "[o]nly costs made necessary by the rejection of the evaluation (*i.e., post-mediation costs*) are recoverable". [Emphasis added. *Id.,* 696.]

In the instant case, the trial court properly excluded the fees defendants initially claimed for hours spent prior to plaintiff's rejection of the mediation evaluation. Moreover, it did not abuse its discretion in determining the number of hours defendants' attorney spent defending after plaintiff rejected the evaluation. As plaintiff concedes in its brief, much of Auto-Owners' proofs was favorable to plaintiff. Thus, the trial court properly exercised its judgment in holding plaintiff accountable for the hours when Auto-Owners was examining some of its important witnesses.

Further, we find no abuse of discretion in the judge's finding that twenty-four percent of the witnesses were unnecessary to plaintiff's case. Plaintiff should not be forced to pay for litigation hours expended through no fault of its own. *Bien,* 232. We agree with the trial judge that there is no exact science for determining which witnesses are unnecessary or important to which parties. The method used by the judge was reasonable in this case and should be affirmed. *Spalding,* 384-385.

Lastly, the judge did not abuse his discretion in reaching a $125 per hour figure for attorney fees. *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982); *Temple v Kelel Distributing Co, Inc,* 183 Mich App 326, 333; 454 NW2d 610 (1990). Contrary to plaintiff's suggestion, the judge was not

precluded from considering expenses incurred by defendants' attorney when determining a reasonable attorney fee. *Id.*

Affirmed.

DOCTOROFF, J. *(concurring in part, and dissenting in part).* I concur in the majority's ruling that the trial court did not abuse its discretion in awarding attorney fees in the amount of $125 an hour.

I dissent from the majority's ruling that the method used by the trial court in determining the attorney fees necessitated by plaintiff's rejection of the mediation evaluation was reasonable. I agree that, in actions involving multiple parties, a losing party should not be allowed to avoid mediation sanctions by asserting that the same expenses would have been incurred by the successful party in defending against the other opposing parties. However, I believe the trial court must consider each party individually and attempt an equitable allocation of the costs and attorney fees. The trial court in this case simply looked at the number of witnesses who testified at trial and, upon finding that plaintiff did not question six of the twenty-five witnesses, determined that plaintiff was accountable for seventy-six percent of the defendants' attorney fees and costs. Assuming that the nineteen remaining witnesses were necessary or important both to plaintiff's case and to Auto Owner's case, I do not believe it is reasonable or equitable to hold plaintiff accountable for one hundred percent of the attorney fees and costs attributable to those witnesses. I recognize that the allocation of attorney fees and costs is not an exact science. However, some attempt should be made to determine which of the costs and fees claimed by the defendants were attributable to plaintiff. I would re-

mand for an evidentiary hearing and redetermina-
tion of attorney fees and costs.