AYRE v OUTLAW DECOYS, INC

Docket No. 234826. Submitted March 5, 2003, at Grand Rapids. Decided
    May 13, 2003, at 9:00 A.M.

   Ann Ayre, as personal representative of the estate of James A. Ayre,
      deceased; Elizabeth Swift, as personal representative of the estate
      of Howard G. Swift, III, deceased; and Susanne Burnside, as per-
      sonal representative of the estates of Rodney G. Burnside,
      deceased, and Bradley H. Burnside, deceased, brought a wrongful
      death and products liability action in the Kent Circuit Court, Paul J.
      Sullivan, J., against Outlaw Decoys, Inc., and Wingset Company,
      doing business as Outlaw Marine, and Attwood Corporation
      (Attwood), after the decedents died in a recreational boating acci-
      dent. The matter proceeded to case evaluation where separate
      unanimous awards were rendered in each of the plaintiff's favor.
      The Ayre, Swift, and Rodney Burnside estates accepted their
      awards, the Bradley Burnside estate rejected the award, and both
      defendants rejected the awards. Outlaw Decoys and Wingset settled
      with all the plaintiffs before trial, and the matter proceeded to a
      jury trial against Attwood only. The jury rendered a verdict of no
      cause of action in favor of Attwood. The court denied a motion for
      a new trial, and the Court of Appeals, O'CONNELL, P.J., and WHITE
      and SAAD, JJ., affirmed the trial court, *Ayre v Attwood Corp*, unpub-
      lished opinion per curiam of the Court of Appeals, issued March 16,
      2001 (Docket Nos. 217911, 218064). The trial court later granted
      Attwood's motion for case evaluation sanctions in the amount of
      $232,794 against plaintiff Susanne Burnside as personal representa-
      tive of the Bradley H. Burnside estate, on the basis that the plaintiff
      rejected the case evaluation award, while the other plaintiffs
      accepted their awards. The plaintiff appealed, arguing that although
      Attwood was entitled to recover its actual costs under MCR
      2.403(O) after the verdict of no cause of action, it was not entitled
      to recover all its attorney fees incurred in proceeding to trial.

   The Court of Appeals *held*:

   1. The trial court erred in holding the plaintiff liable for attorney
      fees Attwood incurred during trial in defending against the damage
      claims of the other coplaintiffs. In a multiple-plaintiff action, as
      here, the rejecting plaintiff is only liable for attorney fees the defen-

dant incurred in defending against the rejecting plaintiff's theory of liability and damage claims, as if the plaintiff and the defendant were the only litigants in the cause of action, and regardless of whether the rejecting plaintiff's theory of liability was identical to that of the other plaintiffs. This conclusion is supported by the purpose of the case evaluation rule and the language of MCR 2.403(O)(4)(a) and (6).

2. In determining whether a verdict is more favorable than a case evaluation award under MCR 2.403(O)(4)(a), the mere appearance that a party's rejection unjustifiably prolonged the litigation is not enough; rather, the rejection must be proved unjustified as evidenced by individual trial verdicts that are less favorable to the rejecting party than the individual case evaluation awards. The same rationale applies to determining whether the party's rejection unjustifiably increased the cost of litigation.

3. MCR 2.403(O)(6) provides for the reimbursement of actual costs, including a reasonable attorney fee "for services necessitated by the rejection of case evaluation." The plain language of this rule clearly requires that a causal nexus be established between the services performed by the attorney and the particular party's rejection of case evaluation. Thus, a rejecting plaintiff who is liable for a defendant's attorney fees that accrued as a result of having to defend against that plaintiff's case, only, is liable for "services necessitated by the rejection of case evaluation."

Order vacated and case remanded for reconsideration.

PRETRIAL PROCEDURE — CASE EVALUATION — SANCTIONS — ATTORNEY FEES.

A plaintiff in an action involving multiple plaintiffs, if liable for the defendant's attorney fees as a sanction for rejecting a case evaluation award, is only liable for those reasonable attorney fees that were incurred by the defendant after the plaintiff's rejection of the award in defending against the plaintiff's particular claims (MCR 2.403[O]).

*Chaklos, Jungerheld, Hahn & Washburn, P.C.* (by *Thomas C. Wimsatt*), for the plaintiff.

*Harvey Kruse, P.C.* (by *George W. Steel*), for the defendant.

Before: WHITBECK, C.J., and CAVANAGH and BANDSTRA, JJ.

CAVANAGH, J. Plaintiff Susanne Burnside, personal representative of the estate of Bradley H. Burnside, deceased, appeals as of right the trial court's order awarding $232,794 in case evaluation sanctions to defendant Attwood Corporation. We vacate and remand.

On November 11, 1995, James O. Ayre; Howard G. Swift, III; Rodney G. Burnside; and Bradley H. Burnside, Rodney's fourteen-year-old son, died when Ayre's eighteen-foot recreational boat capsized on Saginaw Bay while they were duck hunting. This consolidated wrongful death and products liability action was filed against the manufacturer of the boat, Outlaw Decoys, Inc., and Wingset Company, doing business as Outlaw Marine (hereinafter referred to collectively as Outlaw), and Attwood Corporation (Attwood), the manufacturer of a fuel system component of the boat. The matter proceeded to case evaluation[1] where separate, unanimous awards were rendered in each plaintiff's favor, with seventy percent of the liability assigned to Outlaw and thirty percent apportioned to Attwood. The Ayre, Swift, and Rodney Burnside estates accepted their awards, conditioned on the acceptance of all defendants. Plaintiff rejected the case evaluation award, and Outlaw and Attwood rejected all the awards.

On the eve of trial, Outlaw entered into a settlement agreement with all the plaintiffs. Thereafter, a thirty-day jury trial commenced against Attwood, and resulted in a verdict of no cause of action in Attwood's favor. A motion for new trial was denied,

---

[1] Although at the time of the proceeding it was referred to as "mediation" under MCR 2.403, we use the current terminology for clarity because the amendment does not affect our analysis.

which this Court affirmed. See *Ayre v Attwood Corp*, unpublished opinion per curiam of the Court of Appeals, issued March 16, 2001 (Docket Nos. 217911, 218064). Subsequently, the trial court granted Attwood's motion for case evaluation sanctions in the amount of $232,794 against plaintiff only, on the ground that plaintiff rejected the case evaluation award, while her coplaintiffs accepted their awards. Plaintiff appeals from the trial court's order.

Plaintiff argues that the trial court erred in assessing as sanctions all of Attwood's attorney fees accrued following case evaluation, because the fees were not incurred as a result of plaintiff's rejection of the case evaluation award. We agree. A trial court's interpretation of a court rule and decision to award case evaluation sanctions are questions of law we review de novo. *Marketos v American Employers Ins Co*, 465 Mich 407, 412; 633 NW2d 371 (2001); *Elia v Hazen*, 242 Mich App 374, 376-377; 619 NW2d 1 (2000). The amount of case evaluation sanctions awarded is reviewed for an abuse of discretion. *Id.* at 377.

MCR 2.403(O)(1) provides:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

Whether "the verdict is more favorable" to a party is determined after appropriate adjustments are made to the verdict. MCR 2.403(O)(3). However, in cases

involving multiple parties, MCR 2.403(O)(4)(a) provides:

> Except as provided in subrule (O)(4)(b), in determining whether the verdict is more favorable to a party than the case evaluation, the court shall consider only the amount of the evaluation and verdict as to the particular pair of parties, rather than the aggregate evaluation or verdict as to all parties.

Further, pursuant to MCR 2.403(O)(6), reimbursable "actual costs" include:

> (a) those costs taxable in any civil action, and
> (b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation.

Here, plaintiff does not contest that Attwood is entitled to recover its actual costs under MCR 2.403(O) following a jury verdict of no cause of action in Attwood's favor. Plaintiff does, however, contend that Attwood is not entitled to recover all its attorney fees incurred as a consequence of proceeding to trial because plaintiff's rejection of the case evaluation award, alone, did not force the trial since Attwood rejected all of the case evaluation awards. In other words, the trial would have occurred even if plaintiff had accepted the award because Attwood rejected the awards with regard to all four plaintiffs. Although we repudiate plaintiff's reasoning in this matter of first impression, we agree that plaintiff is not liable for all of Attwood's attorney fees that accrued following plaintiff's rejection of the case evaluation.

Plaintiff correctly claims that Attwood's rejection of all the case evaluation awards was a determinative factor in the entire matter proceeding to trial because

the three other plaintiffs accepted their awards; however, that factor is not dispositive. If any one or all three of the plaintiffs who had accepted their case evaluation awards had received verdicts more favorable than the amount of their award, as determined under MCR 2.403(O)(4)(a), Attwood would have been liable for their actual costs under MCR 2.403(O)(6). Conversely, because those three plaintiffs accepted their case evaluation awards, they are not liable under MCR 2.403(O) for any portion of Attwood's actual costs, although Attwood prevailed against them at trial. This result is consistent with the purpose of the case evaluation rule "to place the burden of litigation costs upon the party who insists upon a trial by rejecting a proposed mediation award." See *Bien v Venticinque*, 151 Mich App 229, 232; 390 NW2d 702 (1986); see, also, *Taylor v Anesthesia Assoc of Muskegon, PC*, 179 Mich App 384, 387; 445 NW2d 525 (1989).

The issue here, however, is the scope of one rejecting plaintiff's liability, by operation of MCR 2.403(O), in a multiple-plaintiff action, when the defendant prevailed against all the plaintiffs. Is the rejecting plaintiff liable for all of a defendant's attorney fees that accrued after case evaluation, including those associated with defending against the claims of the other plaintiffs that were also litigated in the same trial? The answer is no. The rejecting plaintiff is only liable for those attorney fees that accrued as a consequence of that plaintiff's rejection, which is determined by examining the rejecting plaintiff's theories of liability and damage claims.

The rejecting plaintiff is only liable for attorney fees associated with the defense against that plain-

tiff's theories of liability. If coplaintiffs asserted different theories of liability than the rejecting plaintiff, only the attorney fees associated with the defense against the rejecting plaintiff's theories of liability are taxable. On the other hand, if all the plaintiffs asserted the same theory of liability, the rejecting plaintiff is liable for the attorney fees associated with the defense against that theory of liability. Here, all the plaintiffs asserted the same theory of liability—Attwood manufactured a defective fuel system component. Therefore, the attorney fees defendant incurred following case evaluation with regard to the liability component of its defense—disproving that its fuel system component was defective—are recoverable as case evaluation sanctions against the sole rejecting plaintiff, because that is the risk plaintiff assumed by rejecting the case evaluation award.

However, the analysis does not end with consideration of the liability component of the litigation—the damages component must also be considered. The attorney fees associated with defending against the rejecting plaintiff's alleged damages must also be determined. The damage claims asserted by plaintiffs, especially in personal injury and wrongful death causes of action, are necessarily as unique as each plaintiff in the cause of action. Accordingly, the rejecting plaintiff is only liable for the attorney fees incurred by the defendant in defending against the damages component of that plaintiff's case. Here, plaintiff is not liable for the attorney fees defendant incurred defending against her coplaintiffs' damage claims because defendant assumed that risk by rejecting those case evaluation awards.

The net result of our analysis, then, is that the rejecting plaintiff is only liable for the attorney fees the defendant incurred, following case evaluation, defending against the rejecting plaintiff's case only, as if the plaintiff and the defendant were the only litigants in the cause of action. One of the virtues of this result is its versatility. For example, when more than one rejecting plaintiff is liable for a defendant's attorney fees, the attorney fees associated with defending against a single theory of liability would be divided equally between the liable plaintiffs, but each plaintiff would be responsible for the attorney fees associated with defending against their individual damage claims. However, rejecting and liable plaintiffs who pursued different or additional theories of liability would be solely liable for the defendant's attorney fees associated with defending against their unique theories of liability, as well as for the fees associated with defending against their individual damage claims. Similarly, when only some of the defendants in a multiple-defendant case are entitled to case evaluation sanctions, isolating each of the rejecting plaintiffs' cases, i.e., theories of liability and damage claims, permits the proper allocation of liability. Considering each liable plaintiff's case separately also ensures that liability is fairly allocated and simplifies the complicated and arduous task of calculating attorney fees—other virtues of this analysis.

Our holding is premised on MCR 2.403(O)(4)(a) and (6), and is consistent with the purpose of the case evaluation rule. First, as set forth above, MCR 2.403(O)(4)(a) provides that, in multiple-party cases, whether the verdict is more favorable than the case evaluation is determined by considering only the par-

ticular pair of parties. Consequently, if plaintiff A accepted a case evaluation award of $100 and plaintiff B accepted an award of $50 (while defendant rejected the awards) and plaintiff A received a trial verdict of $50 while plaintiff B received a verdict of $300, only plaintiff B would be entitled to case evaluation sanctions. Although in the aggregate the plaintiffs' positions improved, considered individually, only plaintiff B's position *actually* improved. Therefore, the *mere appearance* that a party's rejection unjustifiably prolonged the litigation is not enough; the rejection must have been proved unjustified as evidenced by individual trial verdicts that are less favorable to the rejecting party than the individual case evaluation awards. This rule protects a party's right to reject, but also *fairly* burdens that decision with enough risk to ensure that it is well reasoned.

Similarly, our resolution of the question presented here denies as insufficient the *mere appearance* that a party's rejection unjustifiably increased the cost of the litigation. Instead, the costs directly arising from that rejection must be determined and only those costs are appropriately borne by the rejecting party. In sum, separately considering the case between each particular pair of parties equitably accomplishes the objective of MCR 2.403(O) to expedite the resolution of cases by only imposing sanctions when they are justified.

Second, MCR 2.403(O)(6) provides for the reimbursement of actual costs, including "a reasonable attorney fee . . . for services necessitated by the rejection of the case evaluation." MCR 2.403(O)(6)(b). We construe a court rule using the same principles as those that govern statutory construction, beginning

with its plain language. *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000). Accordingly, MCR 2.403(O)(6) clearly requires that a causal nexus be established between the services performed by the attorney and the particular party's rejection of the case evaluation. A rejecting plaintiff who is liable for a defendant's attorney fees that accrued as a result of having to defend against that plaintiff's case, only, is liable "for services necessitated by the rejection of the case evaluation."

The fairness of this principle is aptly illustrated in this case where defendant Attwood rejected the case evaluations regarding all four plaintiffs, plaintiff's three coplaintiffs accepted their awards, but plaintiff rejected her award. Plaintiff's rejection of her case evaluation award did not cause defendant to incur attorney fees defending against the three coplaintiffs' claims; rather, defendant's rejection of those case evaluation awards caused those expenses to accrue. Therefore, the requisite causal nexus between plaintiff's rejection of the evaluation and defendant's accrual of attorney fee expenses with regard to the three coplaintiffs' claims is absent. However, plaintiff's rejection did cause defendant to incur attorney fees defending against plaintiff's case, including her theory of liability and damage claim. As discussed above, it is irrelevant that plaintiff's three coplaintiffs were asserting the same theory of liability. If plaintiff's coplaintiffs were asserting different theories of liability, plaintiff would not be liable for attorney fees defendant incurred defending against those theories of liability, just as plaintiff is not responsible for those fees resulting from defendant's defense of her three coplaintiffs' damages claims.

This causation requirement that we formally recognize today was at least implicitly acknowledged in *Michigan Basic Prop Ins Ass'n v Hackert Furniture Distributing Co, Inc*, 194 Mich App 230; 486 NW2d 68 (1992). In that case, the plaintiff was an insurance company that paid a claim arising from a fire that destroyed a building owned by its insured and partially sublet by the defendants. *Id.* at 232. The defendants' insurance company, Auto-Owners Insurance Company, paid the defendants' claim, but then determined that the defendants intentionally started the fire. *Id.* Thereafter, both the plaintiff and Auto-Owners attempted to recover their claim payments through a consolidated action against their insureds. *Id.* The case proceeded to case evaluation where "no cause of action" evaluations were rendered against both the plaintiff and Auto-Owners, which they rejected. *Id.*

At the conclusion of a thirty-three-day trial, a jury found that the plaintiff was not entitled to damages from the defendants, but that Auto-Owners was entitled to damages because it had been defrauded by the defendants. *Id.* at 233. The defendants then moved for case evaluation sanctions against the plaintiff under MCR 2.403(O)(6). *Id.* The plaintiff argued that all but three hours of the defendants' attorney's work was devoted to defending against Auto-Owners' claims. *Id.* The trial court disagreed, finding that "the defenses overlapped considerably and that the majority of the testimony presented by Auto-Owners was important to plaintiff's case." *Id.* The trial court then determined that six of the twenty-five witnesses presented at trial were not necessary to the plaintiff's case, and reduced the number of attorney hours recoverable

under MCR 2.403 by twenty-four percent. *Id.* at 233-234.

On appeal, the plaintiff argued that the defendants' attorney fees were not "necessitated by the [case evaluation] rejection" because "defendants would have been obliged to present essentially the same defense in response to the suit by Auto-Owners even if plaintiff were [sic] no longer a party to the suit." *Id.* at 235. In other words, the plaintiff argued, attorney fees were only "necessitated by the rejection" "where they could have been avoided had the rejecting party accepted the mediation evaluation," i.e., in essence, where the theories of liability were different. *Id.* This Court rejected the plaintiff's argument, holding that attorney fees are "necessitated by the rejection" when accrued after the case evaluation is rejected, and then affirmed the trial court's reduction of defendants' proposed attorney fees under MCR 2.403(O), holding that "[p]laintiff should not be forced to pay for litigation hours expended through no fault of its own." *Id.* at 236.

In this case, the trial court held plaintiff liable for all of defendant's attorney fees that accrued after plaintiff's rejection of the case evaluation. The consequence of this holding is that plaintiff is held liable for costs that accrued through no fault of her own. See *id.*; see, also, *Bien, supra.* Plaintiff should only be liable for those attorney fees directly flowing from her rejection of the case evaluation—those that accrued after the rejection and which were caused by defendant having to defend against plaintiff's theory of liability and damage claim. See MCR 2.403(O)(6)(b).

Our resolution of this issue is in harmony with the purpose of the case evaluation sanctions rule and the policy that only compensatory, not punitive, damages are available in Michigan. As previously discussed, the purpose of case evaluation sanctions is "to shift the financial burden of those attorney fees that would have been avoided by entry of judgment on the basis of mediation." *Taylor, supra* at 387; see, also, *Broadway Coney Island, Inc v Commercial Union Ins Cos (Amended Opinion)*, 217 Mich App 109, 114; 550 NW2d 838 (1996). Analyzing the cause of action as if the liable party and the prevailing party were the only two litigants following the case evaluation accomplishes that purpose. Such analysis also ensures that the liable party is not punished for asserting her right to a trial on the merits through the imposition of costs associated with a risk another party assumed and over which she had no control, e.g., the accrual of attorney fees as a consequence of defendant defending against another party's theory of liability and damage claim. See *McAuley v General Motors Corp*, 457 Mich 513, 523; 578 NW2d 282 (1998), overruled in part on other grounds *Rafferty v Markovitz*, 461 Mich 265, 273, n 6; 602 NW2d 367 (1999).

In summary, under MCR 2.403(O), a rejecting plaintiff who is liable for a defendant's attorney fees is only liable for those fees that accrued after the case evaluation as a consequence of defending against the rejecting plaintiff's theories of liability and damage claims. In this case, plaintiff was ordered to pay all of Attwood's attorney fees that accrued after the case evaluation without regard to whether some of the fees were incurred defending against the coplaintiffs' damage claims. Accordingly, we vacate the order and

remand for reconsideration in accordance with this opinion.

Vacated and remanded. We do not retain jurisdiction.