# STATE OF MICHIGAN

# COURT OF APPEALS

---

LARDNER ELEVATOR COMPANY,

      Plaintiff/Counter-Defendant-
      Appellant,

v

GERALD S. CLIXBY, NORTH MANAGEMENT
CORPORATION, THE NORTH
CORPORATION, and SILLSON APARTMENTS,
a/k/a STILLSON APARTMENTS,

      Defendants/Counter-Plaintiffs-
      Appellees.

UNPUBLISHED
August 16, 2016

No. 326319
Wayne Circuit Court
LC No. 13-002342-CH

---

LARDNER ELEVATOR COMPANY,

      Plaintiff/Counter-Defendant-
      Appellant/Cross-Appellee,

v

GERALD S. CLIXBY, NORTH MANAGEMENT
CORPORATION, THE NORTH
CORPORATION, and SILLSON APARTMENTS,
a/k/a STILLSON APARTMENTS,

      Defendants/Counter-Plaintiffs-
      Appellees/Cross-Appellants.

No. 327509
Wayne Circuit Court
LC No. 13-002342-CH

---

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

In Docket No. 326319, plaintiff, Lardner Elevator Company, appeals as of right a judgment requiring defendant, The North Corporation, to pay $163.80 to plaintiff for breach of contract involving an elevator repair, ordering plaintiff to discharge a claim of lien, and finding no cause of action against defendants Gerald S. Clixby, North Management Corporation, and

-1-

Sillson Apartments, a/k/a Stillson Apartments. To reach its final $163.80 damages calculation, the trial court found The North Corporation liable for $4,438.80 in damages, but credited the corporation for (1) $2,275 paid to another elevator repair company for repairs, and (2) $2,000 that it had already paid to plaintiff for repairs. In Docket No. 327509, plaintiff appeals by leave granted an order requiring it to pay $5,000 in case evaluation sanctions to Clixby and North Management Corporation. Plaintiff argues on appeal that it is not liable for case evaluation sanctions to these parties. On cross-appeal, defendants challenge the amount of the award, arguing that the trial court should have also awarded $302.77 in taxable costs and $2,325 more in attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

## I. FACTS AND UNDERLYING PROCEEDINGS

Clixby and his father purchased an apartment complex in Detroit in 1979 under Sillson Apartments Copartnership. The copartnership transferred ownership of the complex to Sillson Apartments, LLC, in 2005 or 2006. North Management Corporation previously managed real estate, including the apartment complex, but it was dissolved and later The North Corporation managed the property. Clixby served as the manager of Sillson Apartments, LLC, North Management Corporation, and The North Corporation.

In 1984, plaintiff entered into a three-year maintenance agreement with North Management Corporation for the elevator at the apartment complex. After the contract period ended, plaintiff continued to provide monthly service until 2012.

On February 27 and 28, 2012, plaintiff completed additional repairs on the elevator, including the installation of a new selector cable. Clixby claimed that plaintiff's manager, Jerry Minchella, promised the repairs would cost between $3,000 and $5,000. Afterward, plaintiff billed $7,583.15 for the project, and Clixby objected and refused to pay. Later, although Clixby continued to challenge the total invoice, The North Corporation paid $2,000 to plaintiff to demonstrate good faith.

In April 2012, the elevator broke down again several times. Clixby testified that, on the last occasion, plaintiff did not respond to calls for service and he hired Elevator Technology, which installed another new selector cable for $2,275.

Around the same time, plaintiff filed a claim of lien against the apartment complex for the amount of unpaid repairs. When defendants still did not pay, plaintiff filed the instant suit.

## II. PIERCING THE CORPORATE VEIL

In Docket No. 326319, plaintiff argues that the trial court erred by entering a judgment against The North Corporation. For the first time on appeal, plaintiff claims that The North Corporation has been dissolved for more than a decade. Plaintiff maintains that the trial court should have alternatively pierced the corporate veil to reach Clixby. We decline to address plaintiff's claim. First, plaintiff's claim that The North Corporation is dissolved is an improper attempt to expand the record. See MCR 7.210(A)(1); *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999). And the record before us demonstrates a corporation actively managing real estate, and conducting business with plaintiff—including writing checks that plaintiff cashed.

Second, "an issue is not properly preserved if it is not raised before, addressed, or decided by the circuit court or administrative tribunal." *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). " 'Issues raised for the first time on appeal are not ordinarily subject to review.' " *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 518; 847 NW2d 657 (2014), quoting *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993). This Court will only consider issues not raised below in exceptional circumstances. *Id*. Though "[t]his Court may review an unpreserved issue if it is an issue of law for which all the relevant facts are available." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 521; 773 NW2d 758 (2009).

In the complaint, plaintiff did not allege any misuse of the corporate form requiring the court to pierce the corporate form of The North Corporation to reach Clixby. At trial, plaintiff's arguments that Clixby was liable arose from his role as a partner in the entity that formed the maintenance agreement in 1984, not because The North Corporation was a mere instrumentality of Clixby when the oral contract for repairs was entered. The trial court therefore did not address a corporate veil claim. Because piercing the corporate veil is an equitable remedy, *Florence Cement Co v Vettraino*, 292 Mich App 461, 468; 807 NW2d 917 (2011), not a question of law, *Vushaj*, 284 Mich App at 521, and all the relevant facts are not available, we decline to address plaintiff's claim.

## III. AWARD OF DAMAGES

Next in Docket No. 326319, plaintiff challenges the trial court's findings regarding the breach of contract claim. The trial court's determination of the amount of damages is a factual finding reviewed for clear error, but conclusions of law are reviewed de novo. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 195; 761 NW2d 293 (2008). A finding is clearly erroneous if this Court is left with a definite and firm conviction that a mistake has been made. *Id*.

Plaintiff argues that the trial court clearly erred in finding that the parties only agreed to repairs costing between $3,000 to $5,000. We disagree. Although plaintiff cites its own invoice that detailed the costs of the project totaling $7,583.15, it does not cite any evidence to specifically refute the trial court's finding that the agreement was formed orally between Clixby and Minchella, and limited the cost of repairs to $3,000 to $5,000, based on Clixby's testimony, which the trial court found to be credible. Clixby was the only witness to testify about this particular oral contract. No one ever called Minchella to testify. Plaintiff's owner, Michael Lardner, did not participate in that agreement and could only testify regarding his typical course of conduct when talking to customers about repairs. Therefore, any testimony from Lardner that he only offers a "ballpark" price and warns customers that other costs could arise does not leave this Court with a definite and firm conviction that a mistake was made.

Plaintiff also argues that the trial court clearly erred in failing to reimburse it for $2,158.20 in monthly maintenance. Plaintiff does not make any arguments why the trial court's award of $1,438.80 is clearly erroneous. See *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to

-3-

sustain or reject his position.") (citation and quotation marks omitted). The trial court found that the monthly maintenance fee was $359.70 and that plaintiff was not paid for maintenance from January to April 2012—totaling $1,438.80. Based on Clixby's testimony that he had changed the locks and plaintiff did not have access to the elevator by May and June 2012, the trial court refused to reimburse plaintiff for invoices for those months. Aside from its invoices, plaintiff did not offer any proof that it, in fact, provided the maintenance. Therefore, plaintiff cannot establish that a mistake was made regarding the monthly maintenance fees.

Next, plaintiff argues that it should have been reimbursed for the $75 it paid to file the claim of lien. Given that the purpose of damages in a breach of contract action is to place the injured party in as good a position it would have been had the contract been fully performed, the trial court should have awarded the additional $75. See *Om-El Export Co, Inc v Newcor, Inc*, 154 Mich App 471, 478; 398 NW2d 440 (1986). Plaintiff would not have had to file the claim of lien if The North Corporation had paid for the repairs.

Last, plaintiff argues that the trial court clearly erred by awarding $2,275 to The North Corporation for repairs that Elevator Technology performed. Plaintiff argues that there was no evidence that it failed to properly repair the selector cable in February 2012, which in turn caused Elevator Technology's repairs to be necessary. We agree.

In their countercomplaint, defendants alleged that the selector cable broke the second time because plaintiff failed to properly install the new cable. Clixby testified that, when Elevator Technology was performing its repairs, he and an Elevator Technology technician discovered that the elevator's oil ports had not been oiled. But no one testified that the lack of oil caused the selector cable to break. In fact, there is no evidence at all in the record regarding the cause of the break. Rather, Lardner testified that the Elevator Technology invoice did not provide a reason for the break. Lardner further testified that repairing the selector cable could not prevent a subsequent break months later, explaining that such breaks are typically caused by human error (such as throwing garbage into the shaft), animal infestation, or the age of the elevator. He also testified that, for safety reasons, plaintiff does not lubricate selector cables. Absent any evidence regarding the cause of the second break in the selector cable, there is no proof that reimbursement for those repairs was necessary to put The North Corporation in the same position it would have been had the contract been fully performed. The trial court clearly erred by awarding $2,275 in damages to The North Corporation.

Accordingly, in Docket No. 326319, the judgment in the amount of $163.80 is vacated and the trial court is instructed to enter a judgment in plaintiff's favor in the amount of $2,513.80 [$4,438.80 for services performed by plaintiff minus $2,000.00 already paid plus $75 for filing the lien claim] against The North Corporation. In all other respects, the judgment is affirmed.

## IV. LIABILITY FOR CASE EVALUATION SANCTIONS

In Docket No. 327509, plaintiff argues that the trial court should not have found it liable for case evaluation sanctions to either Clixby or North Management Corporation, and the trial court should have granted its motion for reconsideration. We disagree.

-4-

"A trial court's interpretation of a court rule and decision to award case evaluation sanctions are questions of law we review de novo." *Ayre v Outlaw Decoys, Inc*, 256 Mich App 517, 520; 664 NW2d 263 (2003). This Court reviews a trial court's decision on a motion for reconsideration for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008).

MCR 2.403(O)(1) provides:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

In this case, plaintiff sued four defendants. MCR 2.403(O)(4) provides:

> (a) Except as provided in subrule (O)(4)(b), in determining whether the verdict is more favorable to a party than the case evaluation, the court shall consider only the amount of the evaluation and verdict as to the particular pair of parties, rather than the aggregate evaluation or verdict as to all parties. However, costs may not be imposed on a plaintiff who obtains an aggregate verdict more favorable to the plaintiff than the aggregate evaluation.

> (b) If the verdict against more than one defendant is based on their joint and several liability, the plaintiff may not recover costs unless the verdict is more favorable to the plaintiff than the total case evaluation as to those defendants, and a defendant may not recover costs unless the verdict is more favorable to that defendant than the case evaluation as to that defendant.

The trial court found plaintiff liable for case evaluation sanctions to Clixby and North Management Corporation. Considering only those particular parties pursuant to MCR 2.403(O)(4)(a), Clixby and North Management Corporation accepted the case evaluation award of zero and plaintiff rejected the award. At trial, the court found no cause of action against Clixby and North Management Corporation. According to MCR 2.403(O)(3), "[i]f the evaluation was zero, a verdict finding that a defendant is not liable to the plaintiff shall be deemed more favorable to the defendant." Therefore, the verdict was more favorable to Clixby and North Management Corporation than plaintiff. Because plaintiff rejected the evaluation against Clixby and North Management Corporation, plaintiff must pay their actual costs pursuant to MCR 2.403(O)(1).

Where plaintiff failed in its motion for reconsideration to identify a palpable error by which the trial court was misled, the trial court did not abuse its discretion by denying the motion. MCR 2.119(F)(3); *Woods*, 277 Mich App at 629.

## V. TAXABLE COSTS

On cross-appeal, defendants argue that the trial court erred by refusing to order plaintiff to pay $302.77 in taxable costs. We disagree.

MCR 2.403(O)(6) provides:

> For the purpose of this rule, actual costs are
>
> (a) those costs taxable in any civil action, and
>
> (b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation, which may include legal services provided by attorneys representing themselves or the entity for whom they work, including the time and labor of any legal assistant as defined by MCR2.626.

The trial court refused to award taxable costs to Clixby and North Management Corporation because they only attached invoices for attorney fees and costs to their motion, and failed to break down which costs were taxable under MCR 2.403(O)(6). Under MCR 2.119(A)(1)(b), a motion must "state with particularity the grounds and authority on which it is based." At the motion hearing, defendants did not clarify which expenses were taxable under the court rule and only noted that it added up all the "out-of-pocket" costs to be $738.01. Because defendants failed to state with particularity which costs were "taxable costs" according to MCR 2.403(O)(6), the trial court did not err by refusing to award those costs.

## VI. AMOUNT OF CASE EVALUATION SANCTIONS

Defendants also argue on cross-appeal that the trial court determined that attorney fees in the amount of $7,325 was reasonable, but then improperly reduced the award to $5,000. Defendants argue that, where a rejecting plaintiff asserts the same theories of liability against all defendants, the rejecting plaintiff is responsible for all the fees associated with the defense of those theories. We agree that the $2,325 reduction was improper, but conclude that plaintiff is only liable to North Management Corporation for those services.

To determine the reasonable attorney fee based on a reasonable rate for services necessitated by the rejection of the case evaluation, the trial court is required to apply the framework established in *Smith v Khouri*, 481 Mich 519, 537; 751 NW2d 472 (2008):

> [A] trial court should first determine the fee customarily charged in the locality for similar legal services. In general, the court shall make this determination using reliable surveys or other credible evidence. Then, the court should multiply that amount by the reasonable number of hours expended in the case. The court may consider making adjustments up or down to this base number in light of the other factors listed in *Wood* [*v Detroit Auto Inter Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982)] and MRPC 1.5(a). In order to aid appellate review, the court should briefly indicate its view of each of the factors.

The trial court found that 19.3 hours for pretrial and trial proceedings were reasonable, and 10 hours for proceedings after trial were reasonable. At $250 an hour, $7,325 in attorney fees were reasonable for defending this case. The trial court then reduced the amount of attorney fees owed to $5,000, reasoning:

However as I indicated and as we discussed, Mr. Wasvary was representing both Clixby and the Corporation and there was a Judgment against the Corporation as well. And much of the post-judgment work didn't address Mr. Clixby individually, but addressed whether the Judgment would be against North Management Corporation or North Corporation.

\* \* \*

So it didn't really relate to time that would be specifically addressed to Mr. Clixby and Mr. Clixby is the one who's entitled to the case evaluation sanctions . . . .

Defense counsel interjected, "Not Mr. Clixby, it would've effected North Management Company which is entitled also 'cause we also obtain a zero case eval for North Management." The trial court then concluded, "At any rate, Gentlemen, I think when you take all of these issues into consideration in everything, that the reasonable hourly or the reasonable amount of hours for this case is 20 hours times $250 an hour is $5,000 in attorney fees."

The confusion resulted here because only two out of four defendants moved for case evaluation sanctions—Clixby and North Management Corporation. A rejecting plaintiff is responsible for the attorney fees necessitated by the defense of the rejecting plaintiff's claims. *Ayre*, 256 Mich App at 525-526. If a defendant incurred attorney fees defending against another of plaintiff's theories, the rejecting plaintiff is not responsible for those fees. *Id.*

In the complaint, plaintiff asserted the same theories of liability against Clixby, North Management Corporation, The North Corporation, and Sillson Apartments. Therefore, the cost of defending the allegations in the complaint against Clixby or North Management Corporation, individually, would have been the same as to defend the allegations against all four defendants. The trial court found that all of these expenses totaled $5,000 (19.3 for pretrial and trial expenses, and .7 hours for expenses incurred after trial). Following *Ayre*, the trial court did not err in ordering plaintiff to pay $5,000 to Clixby and North Management Corporation for these expenses.

The problem with the trial court's award lies in the attorney fees for 9.3 hours after trial, which the trial court deemed reasonable, but did not order plaintiff to pay. According to the trial court, these hours were used to defend plaintiff's post-trial claim that North Management Corporation, not The North Corporation, was the entity that the trial court ordered to pay the judgment. Although these attorney services appear to only involve North Management Corporation and The North Corporation, no one argued below that they were not necessitated by the rejection of the case evaluation under MCR 2.403(O)(6)(b). This Court explained in *Ayre* that a defendant could incur separate expenses defending against various plaintiffs' damages claims, so here North Management Corporation required separate post-trial services. Because North Management Corporation, not just Clixby, moved for case evaluation sanctions, the trial court erred by failing to order plaintiff to pay $2,325 to North Management Corporation.

-7-

## VII. CONCLUSION

In Docket No. 326319, the judgment in the amount of $163.80 is vacated and the trial court is instructed to enter a judgment in plaintiff's favor in the amount of $2,513.80 against The North Corporation. In all other respects, the judgment is affirmed. In Docket No. 327509, we affirm the trial court's order granting case evaluation sanctions to Clixby and North Management Corporation and against plaintiff in the amount of $5,000, representing attorney fees and no taxable costs, but reverse the court's determination that plaintiff was not required to pay an additional $2,325 in sanctions to North Management Corporation for post-trial services, and remand for entry of an order in that amount in favor of North Management Corporation.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola