## DEAN v TUCKER

Docket No. 147875. Submitted March 10, 1994, at Detroit. Decided
June 7, 1994, at 9:10 A.M. Leave to appeal sought.

Gloria Dean brought an action in the Oakland Circuit Court
against Norman D. Tucker, Frank Mafrice, and Sommers,
Schwartz, Silver & Schwartz, P.C., alleging legal malpractice
resulting from the defendants' representation of the plaintiff in
an underlying action. The defendants admitted liability arising
from the failure to accept timely a mediation award in the
underlying action, but alleged that the failure to call a certain
witness in that action was not malpractice. The court, Edward
Sosnick, J., refused to find the plaintiff's proposed expert wit-
ness qualified to render an expert opinion and also ruled that
the determination of damages resulting from the failure to
accept the mediation award was an issue of law for the court to
decide. The trial judge from the underlying action then con-
ducted an evidentiary hearing and determined the amount of
mediation sanctions he would have awarded the plaintiff. Judge
Sosnick then entered a judgment and order that, in part,
awarded the plaintiff that amount plus costs and interest. The
plaintiff appealed, alleging that the court erred in failing to
find her witness qualified as an expert and in ruling that the
court could determine the amount of damages.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in failing to find
the plaintiff's sole proposed expert witness qualified as an
expert. The proposed expert had never tried a personal injury
action and, therefore, would not have been able to provide
competent testimony regarding the propriety of defendant Maf-
rice's trial strategy in choosing not to call a certain witness in
the underlying action, which was a basis of the plaintiff's
malpractice claim against the defendants. The court properly
granted summary disposition for the defendants with regard to

REFERENCES

Am Jur 2d New Topic Service, Alternative Dispute Resolution § 10;
Am Jur 2d, Expert and Opinion Evidence §§ 33, 60.
See ALR Index under Expert and Opinion Evidence; Sanctions.

that portion of the plaintiff's action relating to the conduct of the trial in the underlying action.

2. Because the decision to award mediation sanctions intrinsically involves issues of law within the exclusive province of the courts, it was proper for the court to resolve the issue regarding the plaintiff's damages, i.e., the mediation sanctions.

Affirmed.

1. Witnesses — Experts.

The qualification of a witness as an expert and the admissibility of the expert's testimony are matters within the discretion of the trial court.

2. Mediation — Sanctions — Costs.

Whether a party is entitled to mediation sanctions and the amount of actual costs to be awarded are matters properly determined by the trial court within its discretion.

*Dennis E. Moffett,* for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Larry R. Donaldson*), for the defendants.

Before: Cavanagh, P.J., and Wahls and G. W. Crockett, III,* JJ.

Per Curiam. In this legal malpractice action, plaintiff appeals as of right from the circuit court's orders refusing to find plaintiff's witness qualified as an expert and holding that the damages resulting from defendants' failure to respond timely to a mediation evaluation were to be determined by the court, not the jury. We affirm.

The lawsuit underlying the malpractice action arose from injuries sustained by plaintiff after she stepped into an open manhole in the parking lot of a drug store. Defendant Frank Mafrice represented plaintiff in her lawsuit against the property owner. During the course of the litigation, Mafrice failed to accept timely the mediation award on

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

plaintiff's behalf, which under the court rule in effect at the time, GCR 1963, 316.6(h)(1), constituted a rejection of the award. The property owner also rejected the mediation award.

By 1984, plaintiff had been examined by twenty-five doctors and various diagnoses were made. Ultimately, plaintiff underwent a "spine fusion" operation that was performed by Dr. Richard Scott. At trial, Mafrice decided that Dr. Scott's testimony would be detrimental to plaintiff's case because of negative comments contained in the doctor's medical records, including that she was an uncooperative patient and that she may have sought additional treatment because of the pending litigation.[1] Near the end of trial, the court indicated outside of the jury's presence that it was uncertain regarding the causal link between plaintiff's fall and the spinal fusion operation. Although Mafrice arrived the following day with case law to support his position, the trial court sua sponte struck all evidence regarding the spinal fusion. After the ruling, Mafrice continued to believe that he should not call Dr. Scott; however, he allegedly did not consult with plaintiff regarding his decision. At the conclusion of the trial, the jury awarded plaintiff $58,500 with interest, or $99,227.90.

Plaintiff subsequently filed her malpractice action against defendants, claiming that Mafrice's decision not to call Dr. Richard Scott that was made without her consent amounted to malpractice and that his failure to file the acceptance of the mediation award caused her loss of entitlement to mediation sanctions. Defendants admitted liability arising from the failure to accept the

---

[1] Apparently, the property owner did not have this information because these records were made after the defense counsel deposed Dr. Scott.

mediation award, but strenuously defended the decision not to call Dr. Scott as a witness.

On the second day of trial, the court refused to find plaintiff's proposed expert witness qualified because he lacked the skill and qualifications to render an opinion regarding Mafrice's trial strategy in light of the fact that he had never tried a personal injury case. Because plaintiff had no other expert to testify regarding the issue of Mafrice's negligence, the court partially dismissed her malpractice claim. The court also ruled that the damages resulting from defendants' failure to file an acceptance, being the mediation sanctions that would have been awarded to plaintiff, was an issue of law to be decided by the trial court. Afterward, the trial judge from the underlying personal injury lawsuit conducted an evidentiary hearing and determined that the amount of mediation sanctions he would have awarded plaintiff totaled $7,167.50.

Plaintiff first contends that the court abused its discretion in failing to find her witness qualified as an expert. We disagree.

In professional malpractice actions, an expert is usually required to establish the standard of conduct, breach of the standard, and causation. *Law Offices of Lawrence J Stockler, PC v Rose,* 174 Mich App 14, 48; 436 NW2d 70 (1989). The qualification of a witness as an expert and the admissibility of the expert's testimony are within the trial court's discretion. *Mulholland v DEC Int'l Corp,* 432 Mich 395, 402; 443 NW2d 340 (1989); *Berryman v K mart Corp,* 193 Mich App 88, 98; 483 NW2d 642 (1992). We find no abuse of discretion for not finding the expert qualified. Plaintiff's expert had never tried a personal injury case and, therefore, would not have been able to provide competent testimony regarding the issue of defen-

dant Mafrice's trial strategy, which was the basis of plaintiff's malpractice claim against defendants. Hence, the court properly granted summary disposition to defendants with regard to that portion of plaintiff's case relating to the conduct of the trial in the underlying litigation.

Plaintiff also contends that the trial court clearly erred in declaring that the issue of damages for defendants' negligence in not timely responding to the mediation evaluation was a question of law for the court to decide. We disagree.

Defendants conceded the first three elements of malpractice: the existence of an attorney-client relationship, the negligent conduct, and the causal link between the conduct and the alleged harm. *Gebhardt v O'Rourke,* 444 Mich 535, 544; 510 NW2d 900 (1994); *Teodorescu v Bushnell, Gage, Reizen & Byington (On Remand),* 201 Mich App 260, 264; 506 NW2d 275 (1993). The remaining element at issue was the fact and the extent of the injury resulting from the attorney's negligent conduct. *Id.* As in other negligence actions, the liability of the attorney is for all damages directly and proximately caused by the negligence. *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 693; 310 NW2d 26 (1981). The issue of damages is typically for the jury to decide. *Bosak v Hutchinson,* 422 Mich 712; 375 NW2d 333 (1985); *Zinchook v Turkewycz,* 128 Mich App 513, 518; 340 NW2d 844 (1983).

Here, plaintiff argued that she would have been entitled to mediation sanctions if defendants had filed an acceptance of the mediation award. A party's entitlement to mediation sanctions arises by operation of MCR 2.403, previously GCR 1963, 316. Whether a party is entitled to sanctions and the amount of actual costs are to be determined by the trial court within its discretion. *Michigan*

*Basic Property Ins Ass'n v Hackert Furniture,* 194 Mich App 230, 234; 486 NW2d 68 (1992). Actual costs are those costs taxable in any civil action and a reasonable attorney fee as determined by the trial court for services necessitated by the rejection of the mediation award. GCR 1963, 316.8 and MCR 2.403(O)(6). Because the decision to award mediation sanctions intrinsically involves issues of law within the exclusive province of the courts, we believe that the issue of plaintiff's damages, i.e. the mediation sanctions, was one to be resolved by a trial court, not the jury. *Charles Reinhart Co v Winiemko,* 444 Mich 579; 513 NW2d 773 (1994). There is no rationalization for allowing a jury to speculate regarding the amount of the mediation sanctions the trial court would have imposed. Accordingly, we find that the trial court's ruling was not erroneous.

Affirmed.