GREAT LAKES GAS TRANSMISSION LIMITED PARTNERSHIP v
MARKEL

Docket No. 192458. Submitted June 3, 1997, at Lansing. Decided October
24, 1997, at 9:00 A.M.

Great Lakes Gas Transmission Limited Partnership brought an action
in the St. Clair Circuit Court against Thomas and Catherine Markel
and others, seeking to acquire under the Uniform Condemnation
Procedures Act, MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.*, properties
owned by the defendants. The plaintiff deposited with the county
treasurer $3,650 as its estimate of just compensation for the
Markels' property, the Markels and the plaintiff stipulated that the
plaintiff needed the Markels' property for a pipeline project, and
the court referred the case to mediation. A mediation panel
awarded the Markels $25,000 as just compensation. The plaintiff
accepted the award, but the Markels rejected it. The plaintiff set-
tled with the other property owners. A jury returned a verdict of
$8,000 as just compensation for the Markels' property. The plaintiff
moved for mediation sanctions. The court, James P. Adair, J.,
denied the motion, ruling that mediation sanctions are not appro-
priate in condemnation actions. The plaintiff appealed the denial of
the motion for mediation sanctions.

The Court of Appeals *held*:

The mediation court rule, MCR 2.403, including the provisions
concerning mediation sanctions, applies to condemnation
proceedings.

1. Under MCR 2.403(A)(1), a court may submit to mediation any
civil action in which the relief sought is primarily money damages
or division of property. A condemnation action clearly falls within
the scope of the court rule.

2. Pursuant to MCR 2.403(O)(1), if a party rejects an evaluation
that the other party has accepted and the action proceeds to trial,
the rejecting party must pay the opposing party's actual costs
unless the verdict is more favorable to the rejecting party than the
mediation evaluation. None of the three circumstances under
which a court is not required to grant sanctions, MCR
2.403(O)(5),(9),(11), obtains in this case. Accordingly, sanctions
must be granted in this case.

3. The application of the mediation court rule to a condemnation action does not infringe on the right to a jury trial. That right does not restrict the Michigan Supreme Court's power to dictate matters of procedure, but rather only ensures that a party may obtain a jury determination of disputed issues if the party so chooses.

4. In a condemnation action where the condemnor has paid or deposited just compensation, the court determines mediation sanctions on the basis of the amount actually in dispute. Here, the plaintiff deposited $3,650, and the mediation panel awarded $25,000. The Markels had to, but did not, recover $23,485 more from the jury in order to avoid sanctions. On remand, the trial court must determine and award the plaintiff its actual costs.

Reversed and remanded.

1. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — MEDIATION — SANCTIONS.

The mediation court rule, including the provisions concerning sanctions, applies to a condemnation action that is submitted to mediation (MCL 213.51 *et seq.*; MSA 8.265[1] *et seq.*; MCR 2.403).

2. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — MEDIATION — SANCTIONS.

Mediation sanctions for a property owner's refusal of a mediation evaluation in condemnation proceedings where the condemnor has paid or deposited its estimate of just compensation and accepted the mediation evaluation are to be determined on the basis of the amount actually in dispute; the payment or deposit is to be subtracted from the mediation evaluation to yield the amount that the property owner must recover at trial in order to avoid sanctions (MCL 213.51 *et seq.*; MSA 8.265[1] *et seq.*; MCR 2.403).

*Mika, Meyers, Beckett & Jones, P.L.C.* (by *Steven L. Dykema* and *Neil P. Jansen*), for Great Lakes Gas Transmission Limited Partnership.

*Durant & Associates, P.C.* (by *Richard Durant*), for Thomas and Catherine Markel.

Before: CORRIGAN, C.J., and MICHAEL J. KELLY and HOEKSTRA, JJ.

CORRIGAN, C.J. In this condemnation action, plaintiff appeals by right the order denying its motion for

mediation sanctions. This case presents an issue of first impression regarding whether the mediation court rule, MCR 2.403, applies to condemnation proceedings. We hold that it does and therefore reverse and remand for further proceedings consistent with this opinion.

Plaintiff commenced this action under the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.*, to condemn property for a natural gas pipeline. Plaintiff deposited its estimate of just compensation for defendants Markels' property ($3,650) with the county treasurer's office. The parties eventually stipulated that plaintiff needed the Markels' property for the project. The trial court then referred the case to mediation. The Markels did not object. The mediation panel awarded the Markels $25,000 as just compensation. Plaintiff accepted the award, while the Markels rejected it. Plaintiff eventually settled with the other defendants, and the case proceeded to trial on the question of just compensation for the Markels' property. The jury returned a verdict in the amount of $8,000. Plaintiff then moved for mediation sanctions. The court denied the motion, reasoning that sanctions are not appropriate in condemnation actions.

Plaintiff contends that the trial court erred in denying its motion for mediation sanctions. We agree. We review the court's decision whether to grant mediation sanctions de novo because it involves a question of law, not a discretionary matter. *St George Greek Orthodox Church v Laupmanis Associates, PC*, 204 Mich App 278, 282; 514 NW2d 516 (1994). MCR 2.403(O)(1) provides:

> If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

This Court must apply the clear language of the court rule as written. *Bruwer v Oaks (On Remand)*, 218 Mich App 392, 397; 554 NW2d 345 (1996). Our Supreme Court's use of the word "must" indicates that the award of costs is mandatory, not discretionary.

MCR 2.403 identifies three narrow circumstances under which the court is not required to grant sanctions.[1] First, in cases involving equitable relief, the court may decline to award costs if, considering both the equitable and monetary relief, the verdict is more favorable to the rejecting party than the mediation evaluation. MCR 2.403(O)(5). Second, the court may not award costs against a plaintiff in a dramshop action who rejects an award against the minor or alleged intoxicated person unless the court finds that the plaintiff was not motivated by the need to comply with the name and retain provision of the dramshop act. MCR 2.403(O)(9). Third, the court may, in the interest of justice, refuse to award costs in cases where the "verdict" is a judgment entered as a result of a ruling on a motion after the party rejected the mediation evaluation. MCR 2.403(O)(11). [2] None of these exceptions govern this case.

---

[1] MCR 2.403 also directs that the court shall not award costs on a nonunanimous mediation award.

[2] MCR 2.403(O)(11) took effect on October 1, 1997.

This Court erroneously stated in *Dean v Tucker*, 205 Mich App 547, 551; 517 NW2d 835 (1994), that the trial court generally may determine whether a party is entitled to mediation sanctions.[3] The statement is dicta because the issue in *Dean* was not whether mediation sanctions were proper, but whether the court or the jury should decide the question. Moreover, the *Dean* opinion erred in citing *Michigan Basic Property Ins Ass'n v Hackert Furniture Distributing Co*, 194 Mich App 230, 234; 486 NW2d 68 (1992), in support of the misstatement of law. In that case, this Court considered a challenge to the court's award of attorney fees and whether the plaintiff's rejection of the mediation evaluation necessitated the legal services. We therefore decline to follow this Court's dicta, and we review the court's decision de novo.

Defendants argue that a court should not award sanctions in a condemnation action because it infringes on a landowner's constitutional right to a jury determination of just compensation. The trial court adopted this reasoning, stating as follows:

> Well, gentlemen, I frankly have a great deal of trouble with imposing mediation sanctions in a case of this—this type. The transmission company enjoys the awesome power of the state in these proceedings. And it is an absolute constitutional right, in my opinion, for the property owner to resist to the utmost the claims and the suit filed in behalf of the condemner, even though at times the defenses may appear inappropriate and perhaps without merit.

---

[3] This Court has perpetuated the misstatement of the law by citing *Dean, supra,* in subsequent decisions. E.g., *Joerger v Gordon Food Service, Inc,* 224 Mich App 167; 568 NW2d 365 (1997).

> Obviously the jury in this case sided principally with the condemner, in view of the relatively low return as compared with the mediation figure, and the good-faith offer that was made to the Markels. Still I do not think that they should be penalized in terms of thousands upon thousands of dollars in attorney fees and costs that the condemner should bear in this kind of case.
>
> \*     \*     \*
>
> I will not award any mediation sanctions because of the nature of these proceedings.

The trial court erred in declining to grant mediation sanctions in this case.

The right to a jury trial in a condemnation action is granted by statute, MCL 213.62(1); MSA 8.265(12)(1), not by the United States Constitution or the Michigan Constitution of 1963. *Backus v Fort St Union Depot Co*, 169 US 557, 568-569; 18 S Ct 445; 42 L Ed 853 (1897); *Hill v State Hwy Comm*, 382 Mich 398, 405-406; 170 NW2d 18 (1969); *Chamberlin v Detroit Edison Co*, 14 Mich App 565, 573; 165 NW2d 845 (1968). Nevertheless, the core element of the right—to present a claim to a jury and have the jury determine issues of fact—is the same, no matter its origins. Compare *Rhea v Massey-Ferguson, Inc*, 767 F2d 266, 268 (CA 6, 1985), with *Rouse v Gross*, 357 Mich 475, 481; 98 NW2d 562 (1959). Thus, while the Seventh Amendment does not confer a right to trial by jury in state court civil cases, *McKinstry v Valley Obstetrics-Gynecology Clinic, PC*, 428 Mich 167, 183; 405 NW2d 88 (1987), we still look to federal precedent in determining whether the mediation rule infringes on a party's right to a jury trial. *Walling v Allstate Ins Co*, 183 Mich App 731, 737; 455 NW2d 736 (1990).

In *Rhea* the Sixth Circuit Court of Appeals considered a constitutional challenge to former Eastern District of Michigan LCR 32.10(d), which provided that the court could refer a diversity case involving only monetary damages to mediation and a rejecting party would then be liable for actual costs unless the rejecting party improved its position by ten percent at trial. The court noted that the Seventh Amendment preserves the right to a jury trial in only its most fundamental elements, and the core of the right is the right to have a " 'jury ultimately determine the issues of fact if they cannot be settled or determined as a matter of law.' " *Rhea, supra* at 268 (quoting *Seoane v Ortho Pharmaceuticals, Inc*, 660 F2d 146, 149 [CA 5, 1981]). The court further noted that federal courts have repeatedly upheld mandatory arbitration procedures in the face of constitutional challenges based on the right to a jury trial. Therefore, the court determined that the defendant was accorded its right to a jury trial because it received a jury determination of the disputed facts. *Rhea, supra* at 269.

MCR 2.403 likewise does not infringe on a party's right to a jury trial because the rule ensures that a party may obtain a jury determination of disputed issues if the party so chooses. *Rhea, supra* at 269. A party's right to a jury trial does not restrict our Supreme Court's power to dictate matters of procedure, but rather only ensures the party an opportunity to have a jury determine disputed issues of fact within the procedural framework established by the Court. See *Galloway v United States*, 319 US 372, 389-392; 63 S Ct 1077; 87 L Ed 1458 (1943). Thus, the language of the court rule, not the statutory right to a

jury trial, governs whether the mediation rule applies to a condemnation action.

Under MCR 2.403(A)(1), a court may submit to mediation "any civil action in which the relief sought is primarily money damages or division of property." A condemnation action clearly falls within the scope of the court rule. Its inclusion also furthers the rule's purpose of expediting and simplifying settlement by placing the burden of litigation on the party who insists on trial. *Meagher v McNeely & Lincoln, Inc,* 212 Mich App 154, 157; 536 NW2d 851 (1995). Therefore, the trial court erred in determining that the mediation rule does not apply to condemnation actions.

In this case, plaintiff is entitled to sanctions against the Markels because the verdict was not more favorable to them than the mediation evaluation. In a condemnation action where the condemning authority has paid or deposited estimated just compensation, the court determines mediation sanctions on the basis of the amount actually in dispute. *Detroit v Kallow Corp,* 195 Mich App 227, 229; 489 NW2d 500 (1992). Here, plaintiff deposited $3,650, and the mediation panel awarded the Markels $25,000. Therefore, the Markels had to recover $23,485 more than the deposit in order to avoid sanctions. MCR 2.403(O)(3); *Kallow, supra* at 229. Defendants Markel increased their recovery by $4,801. Accordingly, the trial court erred in denying plaintiff's motion for sanctions. On remand, the court shall determine and award plaintiff its actual costs.

Reversed and remanded. We do not retain jurisdiction.