# STATE OF MICHIGAN

# COURT OF APPEALS

KRYSTINE MUHA,

        Plaintiff,

v

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant/Third-Party Plaintiff-
Appellant,

v

WALID ODEH,

        Third-Party Defendant-Appellee.

UNPUBLISHED
October 26, 2017

No. 332801
Macomb Circuit Court
LC No. 2012-004960-CK

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant and third-party plaintiff Allstate Property and Casualty Insurance Company (Allstate) appeals as of right a sizable money judgment entered in favor of Allstate and against third-party defendant Walid Odeh. Allstate challenges only that part of the trial court's ruling that denied its request for case evaluation sanctions in the form of attorney fees. We reverse and remand for further proceedings.

A case evaluation of $120,000 in favor of Allstate and against Odeh on Allstate's third-party complaint was issued by a case evaluation panel. Allstate accepted the evaluation and, by failing to timely file a written acceptance or rejection, Odeh effectively rejected the case evaluation. See MCR 2.403(L)(1). Following a bifurcated bench trial on negligence and damages, judgment was entered in favor of Allstate in "the sum of $388,643.42, plus $12.00 in taxable costs and . . . $26,525.40 in interest[.]" Accordingly, given the case evaluation award in comparison to the size of the verdict entered in favor of Allstate, Odeh's rejection of the case evaluation, and Allstate's acceptance of the evaluation, Allstate was entitled to its actual costs. MCR 2.403(O)(1) ("If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation."); *Smith v Khouri*, 481 Mich 519, 527; 751 NW2d 472

-1-

(2008) ("[I]f one party accepts the award and one rejects it, . . . and the case proceeds to a verdict, the rejecting party must pay the opposing party's actual costs unless the verdict is, after several adjustments, more than 10 percent more favorable to the rejecting party than the case evaluation."). "Actual costs" are "those costs taxable in any civil action," along with "a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation." MCR 2.403(O)(6)(a) and (b); *Smith*, 481 Mich at 527. An award of actual costs under the circumstances here was mandatory upon a properly-supported request. See *Great Lakes Gas Transmission Ltd Partnership v Markel*, 226 Mich App 127, 130; 573 NW2d 61 (1997) (noting various exceptions, none of which are applicable in the instant case).

As part of Allstate's request for costs and attorney fees under MCR 2.403(O), it attached a biography of the attorney representing Allstate in the action, an Economics of Law Practice Survey, and a bill of costs. Allstate sought $23 in taxable costs and $111,090 in attorney fees (370.3 hours at an hourly rate of $300). The trial court found that Allstate "failed to proffer any proper evidence in support of its claimed attorney fees," that counsel's biography and the allegations in Allstate's motion did not constitute admissible evidence regarding an appropriate hourly rate, that in addition to referencing lead counsel, the bill of costs referenced the initials of other persons, absent evidence identifying these individuals or justifying the requested hourly rate for those persons, that the billings contained excessive and redundant entries, and that the bill of costs was not limited to pursuit of the third-party action. The trial court also noted that the legal issues and concepts involved in the case were not novel, complex, or difficult. For all of these reasons, the trial court ruled that "Allstate ha[d] not established an entitlement to an award of attorney fees." The trial court's ruling was not so much a determination that the case generally did not mandate an award of case evaluation sanctions under MCR 2.403, as it was a determination that Allstate simply did not present a properly-supported request for sanctions. Indeed, the party requesting attorney fees has the burden of proving their reasonableness. *Smith*, 481 Mich at 528-529. We also note that the lower court record does not contain an affidavit by Allstate's counsel regarding attorney fees.

On appeal, Allstate argues that MCR 2.403(O)(1) entitled it to an award of actual costs in light of Odeh's rejection of the case evaluation award and that actual costs include attorney fees. Allstate then proceeds to argue that the hourly rate of $300 was reasonable, considering that counsel is experienced, having practiced law 33 years, well-respected, and skilled, that the case was very difficult and required the services of a skilled attorney, that the favorable litigation results were due to counsel's skill and experience, and that the survey supported the hourly rate. Allstate additionally maintains that the time expended by counsel on the case was extensive, necessarily so, as evidenced by the bill of costs.

A problematic aspect of Allstate's appellate arguments is that they do not directly confront all of the reasons given by the trial court in refusing to award attorney fees. Allstate does not specifically argue that the documentary evidence submitted in support of its request for case evaluation sanctions constituted proper evidence; it appears to take for granted that such is the case. Allstate fails to challenge the trial court's conclusions that counsel's biography and the mere allegations in Allstate's motion did "not constitute admissible evidence of an appropriate hourly rate." Further, Allstate does not address the trial court's concerns about the unidentified persons in the bill of costs and the basis justifying a $300 hourly rate for their services.

Moreover, Allstate does not delve into the trial court's finding that the bill of costs contained excessive and redundant entries or into the court's apparent determination that the billings must be limited, and were not, to time expended pursuing the third-party action, excluding services associated with defending against plaintiff Krystine Muha.

However, there are also problematic aspects of the trial court's ruling. The Economics of Law Practice Survey clearly constituted proper evidence that could be considered in determining the reasonableness of an hourly rate. See *Smith*, 481 Mich at 530-532. Also, the initials of Allstate's counsel, with whom the trial court was familiar, dominate the bill of costs, thereby undermining the decision not to grant *any* attorney fees because of the unidentified persons alluded to in the bill of costs. And the trial court did not identify what entries in the bill of costs it deemed to be redundant and excessive, making it virtually impossible for Allstate to effectively challenge the court's conclusions. Additionally, the trial court's finding that the legal issues and concepts involved in the case were not novel, complex, or difficult certainly cannot serve as a basis to deny an award of attorney fees *altogether*. Moreover, it cannot honestly be disputed that Allstate incurred some amount of recoverable attorney fees in the lawsuit.

We hold that the appropriate course of action is to remand the case for an evidentiary hearing in order for the trial court to determine *the proper amount* of attorney fees to which Allstate is entitled pursuant to MCR 2.403(O)(6)(b) and the factors cited in *Smith*, 481 Mich 519, and its published progeny. The parties shall be given a full opportunity to present admissible proofs in support of their respective positions.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause