*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SALEEM BIN SHAKOOR and TASLEEM
SALEEM,

        Plaintiffs-Appellants,

v

METZLER LOCRICCHIO SERRA & CO.,

        Defendant-Appellee.

UNPUBLISHED
June 13, 2024

No. 366885
Oakland Circuit Court
LC No. 2022-197572-NM

Before: MALDONADO, P.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(8) and (C)(10). Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from foreclosure proceedings initiated by TCF National Bank ("TCF"), as a successor in interest to Chemical Bank and First Place Bank, regarding plaintiffs' home. Chemical Bank purchased the property through a sheriff's deed in 2019. Plaintiffs maintained the amounts owed that were stated in an affidavit attached to the sheriff's deed were incorrect and filed suit, requesting declaratory and injunctive relief, an extension of the statutory six-month redemption period, and asserted claims of breach of contract, unjust enrichment, and conversion.

TCF moved for summary disposition and, in April 2020, the trial court appointed defendant, a certified public accountant ("CPA") firm,

> to determine the amounts owing, and the applicable payment due dates, default dates (if any), and other related payment issues and/or foreclosure and redemption amounts, relating to the applicable mortgage loans at issue in this case, as well as the claims and defenses asserted by the parties, which pertain to [the] property . . . . .

The order continued by stating the trial court appointed defendant

-1-

as an independent forensic accountant . . . to determine the amounts owing under the First Mortgage Loan, and/or the Second Mortgage Loan, and/or the Redemption Affidavits.

IT IS FURTHER ORDERED that the Forensic Accountants shall issue a report to the Court and to the parties 90 days after this Order is entered, which report shall not be binding upon the parties, but may otherwise be offered by any party to be admitted into evidence, subject to any other applicable evidentiary limitation[.]

* * *

IT IS FURTHER ORDERED that the fees and expenses incurred by the Forensic Accountant shall be assessed and paid equally by the parties, one-half by the Plaintiffs, and one-half by Chemical Bank; and this Court shall retain jurisdiction to adjudicate any dispute relating to the payment of such professional fees[.]

Defendant issued a draft report, in which it concluded the amounts owed by plaintiffs was $949,213.96 under the first mortgage and $42,070.30 under the second mortgage. Defendant stated in the report:

It was brought to our attention by the Plaintiffs that the signatures by the same individual noted on the loan modification letter dated February 8, 2011, and on the loan modification agreement signed February 23, 2011, appear different and Plaintiff [sic] requested us to speak to whether the loan modification is valid at all. Our engagement scope and expertise are limited to the forensic accounting and analysis necessary to determine the estimated amount due to [the bank], and does not extend to signature analysis or determining the legal validity of a document as a result of such analysis. Therefore, we did not consider these elements in our engagement scope and procedures.

The trial court granted TCF's motion for summary disposition and dismissed plaintiffs' claims. The court held judicial estoppel barred plaintiffs' claims because they failed to advise the bankruptcy court in 2012 and 2015 of a pending or potential civil lawsuit. This Court affirmed the trial court's judgment. *Shakoor v TCF Nat'l Bank*, unpublished per curiam opinion of the Court of Appeals, issued August 18, 2022 (Docket No. 357176).

Plaintiffs filed their complaint against defendant in December 2022, alleging defendant failed to perform a proper forensic audit by neglecting to thoroughly review key loan documents, and failed to authenticate signatures and loan documents. Plaintiffs specifically alleged that the 2010 loan modification documents, crucial to TCF's and defendant's calculation of the mortgage balance, were forged. Plaintiffs' complaint included counts for: (1) unjust enrichment, (2) accountant malpractice, (3) negligence of defendant's professional duties, and (4) breach of fiduciary duties.

Defendant moved for summary disposition under MCR 2.116(C)(7), MCR 2.116(C)(8), and MCR 2.116(C)(10). As relevant here, defendant argued plaintiffs' malpractice, negligence, and breach of fiduciary duty claims were barred by MCL 600.2962 because plaintiffs were not

defendant's client, and defendant owed them no duty. Defendant also argued plaintiffs' unjust-enrichment claim failed because plaintiffs stipulated to defendant's appointment in the foreclosure case, creating an actual contract. The trial court agreed with defendant, and entered an order granting its motion under MCR 2.116(C)(8) and MCR 2.116(C)(10), and dismissing plaintiffs' complaint with prejudice. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004). A motion for summary disposition under MCR 2.116(C)(8) "tests the legal sufficiency of a claim and is tested on the pleadings alone." *Singerman v Muni Serv Bureau, Inc*, 455 Mich 135, 139; 565 NW2d 383 (1997). When considering a motion under MCR 2.116(C)(8), a court must accept all well-pleaded factual allegations as true and construe them in a light most favorable to the nonmovant. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). The court should grant the motion if the claim is so clearly unenforceable as a matter of law, no factual development could justify recovery. *Id*. at 119.

Summary disposition under MCR 2.116(C)(10) is proper when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When moving under MCR 2.116(C)(10), the moving party has the initial burden to identify "the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4); see also *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8-9; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

## III. ANALYSIS

On appeal, plaintiffs argue that the trial court erred when it granted defendant's motion under MCR 2.116(C)(8) because plaintiffs' complaint met the pleading requirements for all of their claims. Plaintiffs also contend that the trial court erred by granting the motion under MCR 2.116(C)(10) because discovery was still ongoing and genuine issues of material fact precluded summary disposition. We disagree.

### A. PROFESSIONAL MALPRACTICE

Professional malpractice claims are premised on breach of a duty owed by a professional to a client who contracted for those services, *Saur v Probes*, 190 Mich App 636, 638; 476 NW2d 496 (1991), and center on a defendant's failure to exercise the required professional skill. *Stewart v Rudner*, 349 Mich 459, 468; 84 NW2d 816 (1957). Accountants are subject to common law principles of malpractice. *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 49; 951 NW2d 64 (2020). A common law claim of malpractice requires a plaintiff to show: (1) a client-professional relationship, (2) a defendant's negligence in the performance of duties within the relationship, (3) proximate cause, and (4) the client suffered an injury. *Id*. at 52. An expert is typically required to establish the standard of care applicable to a particular professional community. *Dean v Tucker*,

205 Mich App 547, 550; 517 NW2d 835 (1994). This Court has stated that to establish an accountant was negligent by breaching their professional standard of care, a plaintiff must prove the accountant did not exercise "the same degree of diligence and skill as would an accountant of ordinary learning, judgment or skill, in the same or similar community, under the same or similar circumstances." *Broz*, 331 Mich App at 49 n 2.

In addition to common law principles, MCL 600.2962 governs malpractice claims against accountants. The statute states:

> (1) This section applies to an action for professional malpractice against a certified public accountant. A certified public accountant is liable for civil damages in connection with public accounting services performed by the certified public accountant only in 1 of the following situations:

> (a) Subject to subsection (2), a negligent act, omission, decision, or other conduct of the certified public accountant if the claimant is the certified public accountant's client.

> (b) An act, omission, decision, or conduct of the certified public accountant that constitutes fraud or an intentional misrepresentation.

> (c) Subject to subsection (2), a negligent act, omission, decision, or other conduct of the certified public accountant if the certified public accountant was informed in writing directly by the client before commencement of the engagement that a primary intent of the client was for the professional public accounting services to benefit or influence the person bringing the action for civil damages. For the purposes of this subdivision, the certified public accountant shall also separately identify in writing directly to the client, before commencement of the engagement, each person, generic group, or class description that the certified public accountant intends to have rely on the services. The certified public accountant may be held liable only to each identified person, generic group, or class description. The certified public accountant's written identification shall include each person, generic group, or class description identified by the client as being benefited or influenced.

> (2) A certified public accountant is not liable for civil damages in any of the following situations:

> (a) The claimant is not the certified public accountant's client, but asserts standing to sue based on an assignment of the claim from the client to the claimant. . . .

> (b) The claimant is not the certified public accountant's client, but asserts standing to sue based on a voluntary surrender of assets or acquisition of the claim by means of foreclosure or surrender under any type of security agreement between the claimant and the client.

(c) The claimant is not the certified public accountant's client, but asserts standing to sue based on a writing referred to in subsection (1)(c) that was not signed by the client himself or herself, if an individual, or that was not signed by an officer, manager, or member of the client, if an entity. [MCL 600.2962.]

Plaintiffs did not allege they were defendant's client, nor did the stipulated order appointing defendant, which named defendant as "an *independent* forensic accountant." (Emphasis added.) Because of the lack of a client-professional relationship, plaintiffs cannot establish a cause of action for accountant malpractice under the common law, *Broz*, 331 Mich App at 52, or under MCL 600.2962(1)(a). Plaintiffs also did not allege fraud or intentional misrepresentation, or allege that defendant was informed by the "client" that its services were primarily intended "to benefit or influence" plaintiffs. See MCL 600.2962(1)(b) and MCL 600.2962(1)(c). Rather, the court's order stated the purpose of the appointment was "to determine the amounts owing," and that defendant's report "shall not be binding upon the parties, but may otherwise be offered by any party to be admitted into evidence." Because the language of the order eliminates all grounds on which plaintiffs' claim for malpractice could be based, the malpractice claim is so clearly unenforceable as a matter of law, no factual development could justify recovery, *Maiden*, 461 Mich at 119, and the trial court did not err when it granted summary disposition of this claim under MCR 2.116(C)(8).

## B. NEGLIGENCE

To establish a claim premised on common law negligence, a plaintiff must prove: (1) the defendant owed the plaintiff a duty, (2) the defendant breached the duty, (3) the plaintiff suffered damages, and (4) the defendant's breach proximately caused the plaintiff's damages. See *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). It is axiomatic there can be no liability for negligence where the defendant owed no duty to the plaintiff. See *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). " 'Duty' comprehends whether the defendant is under any obligation to the plaintiff to avoid negligent conduct; it does not include where there is an obligation the nature of the obligation: the general standard of care and the specific standard of care." *Moning v Alfono*, 400 Mich 425, 437; 254 NW2d 759 (1977). The ultimate inquiry when determining whether to recognize a common law duty between two persons is whether the "social benefits of imposing that duty outweigh the social costs of imposing a duty." *In re Certified Question from the Fourteenth District Court of Appeals of Texas*, 479 Mich 498, 515; 740 NW2d 206 (2007).

A party may state as many separate claims as the party has, regardless of consistency and regardless of whether the claim or defense is on the basis of legal grounds, equitable grounds, or both. *Abel v Eli Lilly & Co*, 418 Mich 311, 336; 343 NW2d 164 (1984). However, in cases where a plaintiff alleges malpractice and makes other claims of negligence, the Court must look at the substance of the claims, not the form. *Brownell v Garber*, 199 Mich App 519, 532-533; 503 NW2d 81 (1993). Plaintiffs' negligence claim is premised on defendant's alleged professional duties owed to plaintiffs. This claim is, therefore, duplicative of plaintiffs' professional malpractice claim. And because our preceding analysis of plaintiffs' malpractice claim also applies to the negligence claim in that under the trial court's order, no relationship was established between plaintiffs and defendant such that a duty arose, the trial court did not err when it granted summary

disposition of plaintiffs' common law negligence claim under MCR 2.116(C)(8) in defendant's favor.

## C. BREACH OF FIDUCIARY DUTY

To establish breach of fiduciary duty, a plaintiff must show: "(1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) damages caused by the breach of duty." *Highfield Beach at Lake Mich v Sanderson*, 331 Mich App 636, 666; 954 NW2d 231 (2020). The Michigan Supreme Court has defined a fiduciary relationship as

> [a] relationship in which one person is under a duty to act for the benefit of the other on matters within the scope of the relationship. Fiduciary relationships—such as trustee-beneficiary, guardian-ward, agent-principal, and attorney-client-require the highest duty of care. Fiduciary relationships [usually] arise in one of four situations: (1) when one person places trust in the faithful integrity of another, who as a result gains superiority or influence over the first, (2) when one person assumes control and responsibility over another, (3) when one person has a duty to act for or give advice to another on matters falling within the scope of the relationship, or (4) when there is a specific relationship that has traditionally been recognized as involving fiduciary duties, as with a lawyer and a client or a stockbroker and a customer. [*In re Karmey Estate*, 468 Mich 68, 74 n 2; 658 NW2d 796 (2003) (citation omitted; alterations in original).]

In *Yadlosky v Grant Thornton LLP*, 120 F Supp 2d 622, 633-634 (ED Mich, 2000),[1] the plaintiff, an investor, sued various public accounting firms for breach of fiduciary duty and negligence. The federal district court held that MCL 600.2962(1) barred the plaintiff's breach of fiduciary duty and negligence claims because the plaintiff could not satisfy any of the three bases of liability under the statute. *Id*. at 634. Specifically, the plaintiff did not allege that he was defendants' client, did not allege that his tort claims required proof of fraud, and did not allege that the defendants were informed that their services were intended to benefit any party. *Id*.

Similar to *Yadlosky*, the stipulated order in this case appointing defendant "as an independent forensic accountant" for services in the foreclosure case stated defendant's report was not "binding upon the parties, but may otherwise be offered by any party to be admitted into evidence." Nothing in the order gives rise to a fiduciary relationship, and because plaintiffs have otherwise failed to show a basis for liability under MCL 600.2962(1), the trial court did not err when it dismissed plaintiffs' claim for breach of fiduciary duty under MCR 2.116(C)(8) for failure to state a claim.

## D. UNJUST ENRICHMENT

---

[1] Although lower federal court decisions are not binding, we may consider them for their persuasiveness. *Van Buren Charter Twp v Garter Belt Inc*, 258 Mich App 594, 604; 673 NW2d 111 (2003).

Finally, to support a claim of unjust enrichment, a plaintiff must prove: "(1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 195; 729 NW2d 898 (2006). When the elements of unjust enrichment exist, "the law operates to imply a contract in order to prevent unjust enrichment," *Barber v SMH (US), Inc*, 202 Mich App 366, 375; 509 NW2d 791 (1993), and relatedly, a claim of unjust enrichment can be successfully defeated when the parties had a contract on point. *Belle Isle Grill Corp v City of Detroit*, 256 Mich App 463, 478; 666 NW2d 271 (2003).

Because stipulations are agreements made between parties, they are as enforceable as any other contract, *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000), and are construed and applied the same as contracts. *In re Nestorovski Estate*, 283 Mich App 177, 183; 769 NW2d 720 (2009). When parties sign a stipulation, "the trial court is entirely permitted to accept [the order] and presume at face value that the parties actually meant what they signed." *Rettig v Rettig*, 322 Mich App 750, 755-756; 912 NW2d 877 (2018). Courts are not permitted to write a new contract for parties. *VHS Huron Valley Sinai Hosp v Sentinel Ins Co*, 322 Mich App 707, 715; 916 NW2d 218 (2018). And courts "may not impose an ambiguity on clear contract language." *Coates v Bastian Bros, Inc*, 276 Mich App 498, 503; 741 NW2d 539 (2007).

The stipulated order appointing defendant to the foreclosure case outlined the terms of defendant's engagement. Under the stipulated order, the plaintiffs agreed to the appointment of defendant "to determine the amounts owing, and the applicable payment due dates, default dates (if any), and other related payment issues and/or foreclosure and redemption amounts, relating to the applicable mortgage loans at issue in this case, as well as the claims and defenses asserted by the parties . . . ." Plaintiffs also agreed that defendant would "issue a report" which "shall not be binding upon the parties, but may otherwise be offered by any party to be admitted into evidence . . . ." Because courts cannot "imply a contract in order to prevent unjust enrichment" when a contract addressing the subject of the matter at issue already exists, *Barber*, 202 Mich App at 375, the trial court did not err when it granted summary disposition of plaintiffs' unjust-enrichment claim in defendant's favor.

In sum, plaintiffs' claims against defendant for professional malpractice, negligence, breach of fiduciary duty, and unjust enrichment were properly dismissed by the trial court for failure to state a claim under MCR 2.116(C)(8). It was, therefore, not error for the court to grant summary disposition, even though discovery had not been completed, because no further factual development could have provided additional support for plaintiffs' claims. See *Redmond v Heller*, 332 Mich App 415, 448; 957 NW2d 357 (2020) (stating that summary disposition is proper "before the conclusion of discovery if there is no fair likelihood that further discovery would yield support for the nonmoving party").

Affirmed. Defendant, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Allie Greenleaf Maldonado
/s/ Kirsten Frank Kelly
/s/ James Robert Redford